S. D. AND A. W. MURFF *v.* J. L. FRAZIER AND WIFE.

1. ESTATES OF DECEDENTS : DISTRIBUTION : CO-DISTRIBUTEES MUST BE MADE PARTIES.—A distribution of an estate cannot be had on the petition of one of several distributees without making the co-distributees parties.  40 Miss. R. 181.

2. *Shattuck* v. *Young*, 2 S. & M. 30, overruled.

3. SAME : SAME : WHEN ASSETS CONSIST OF NOTES.—When the assets of an estate consist entirely of promissory notes no distribution can be decreed unless all the parties in interest agree to receive the assets in their existing condition.  40 Miss. R. 749.

ERROR to the Probate Court of Winston county.  Hon. S. W. Smythe, judge.

Frazier and wife filed their petition in the court below, in January, 1867, alleging that the wife was a distributee of the estate

of Samuel Murff, deceased ; that her interest was one-sixth of the estate. That letters of administration had been granted to appellees in 1860, who immediately after sold all the personal property for the sum of six thousand four hundred and ninety-three dollars. That the amount of debts against the estate was seven hundred and sixty-five dollars. That a sufficient time had elapsed for the collection of the notes given for the sale of the property. The prayer was for a rule upon the administrators to show cause why distribution of the share of the wife be not made upon the execution of proper refunding bonds. The administrators alone were made parties. The administrators answered, admitting the material facts as stated in the petition ; denied that they had collected the notes given for the purchase of the personal property ; that a sufficient time had elapsed to enable them to make collections. They allege that they had regulary accounted with the court, that they had brought suit upon every claim except one or two small ones, which they knew to be insolvent.

The court decreed that distribution be made as prayed for, and the administrators sue out this writ of error.

*Robert G. Rives* for plaintiffs in error.

*E. D. Hyde,* for defendants in error, cited Rev. Code, 454, art. 118 ; 7 S. & M. 32 ; 5 S. & M. 769.

ELLETT, J., delivered the opinion of the court.

The first error complained of is not well founded in point of fact. The petition is in the joint names of husband and wife.

The proceeding is, however, erroneous in other respects. A distribution cannot be had on the petition of one of several distributees without making the co-distributees parties. We have recently ruled this point in the case of *Munday* v. *Calvit,* not yet reported. This question was not involved in the case of *Benoit* v. *Brill,* 7 S. & M. 32, and a contrary principle had been previously asserted in *Shattuck* v. *Young,* 2 S. & M. 30. At all events the question is now settled.

Again, it is admitted that the entire estate consists of notes given by purchasers for property sold, and on which suits are now pending.    No distribution of these assets could be decreed, unless all the parties interested would consent to receive them in their present condition. *Allison* v. *Abrams,* MS.

The decree of the court below will be reversed, and the petition dismissed.