45   197
51   152

In the Matter of the Estate of NORMAN W. KITTSON, Deceased.

## January 9, 1891.

Estates of Decedents — Distribution — Action Pending in Federal Court.—Actions pending against a citizen of this state at the time of his death, the cause of action surviving, in the federal courts sitting within our territorial limits, and judgments rendered therein against an executor or administrator who has been admitted to defend, are included within the provisions of Gen. St. 1878, c. 53, § 16, re-enacted in the new Probate Code, (Laws 1889, c. 46, § 111.)

Order to Show Cause — Failure to Appear and Oppose Insufficient Petition.—By failing to appear in opposition to an order to show cause based upon a petition in which the facts are fully and accurately stated, the party cited in the order does not consent to or authorize the making of the order demanded, and it should not be made unless warranted by the facts as set forth in the petition.

Same — Failure of Plaintiff in Such Action to Oppose Petition for Distribution—Petition Properly Denied.—A petition to a probate court for the division and distribution of the assets of an estate, in accordance with the terms of the will, and for a final settlement of the estate, made by an executor, from which it appeared that an action brought

in one of the federal courts sitting within the territorial limits of this state against the deceased in his lifetime, and in which said executor had been admitted to defend, was still pending although upon an appeal to the supreme court from a judgment of dismissal, fails to make out a case, and the probate court is justified in refusing the order asked, even when the appellant in the action pending in the federal court neglects to appear and oppose the same.

Appeal by the St. Paul Trust Company, executor of the last will of Norman W. Kittson, (who died May 10, 1888,) from an order of the district court for Ramsey county, *Brill, J.*, presiding, affirming an order of the probate court denying the petition of the executor for a decree of distribution. The suit of *Farley* v. *Kittson*, mentioned in the petition and the opinion, was a bill in equity for an account and to recover a share of the profits accrued under a contract alleged by plaintiff and denied by the defendants. The district court placed its decision on the ground that by Gen. St. 1878, c. 56, § 4, the probate court was authorized to make distribution only "after the payment of the debts," and the executor's petition does not show that the debts are paid, but, on the contrary, shows that the amount of the indebtedness of the estate is yet undetermined.

*Harvey Officer, I. V. D. Heard,* and *Hartwell P. Heath,* for appellant.

COLLINS, J. While an action was pending in the United States circuit court for the district of Minnesota, brought to recover several million dollars, in which one J. P. Farley, a citizen of Iowa, was plaintiff, and J. J. Hill, the St. Paul, Minneapolis & Manitoba Railway Company, and Norman W. Kittson, all citizens of this state, were defendants, the latter died testate. The appellant, a corporation, was appointed sole executor of the last will and testament of the deceased, and was thereafter duly substituted in his stead as a defendant in the pending action, which was tried upon its merits, and judgment of dismissal ordered. Judgment that the bill of complaint be dismissed, and that defendants recover their costs of the plaintiff, was thereupon entered. From this judgment Farley appealed to the supreme court of the United States, and his appeal has not yet been determined. Subsequently to the appeal, this appellant, as execu-

tor, petitioned the proper probate court for an order that it divide and distribute the estate in its hands among the devisees and legatees under the will. The petition showed full and complete administration of the estate by an allowance and payment of all claims and demands presented to the court within the time fixed by its order, and that in every respect the estate was ready for distribution and settlement, save as to the pending litigation. It fully disclosed the situation in reference to that, except that it was not made to appear whether the liability on which the Farley action was based was joint or several, or whether, in the event of his ultimate success, contribution as between the defendants could be compelled. It may be observed in passing that the Farley claim had in no manner been brought to the attention of the probate court, up to the presentation of appellant's petition for distribution and settlement. On this petition an order to show cause was issued and properly served upon Mr. Farley. He failed to appear in response to the citation in the probate court, and his default in this respect has continued to the present time. At the hearing Mr. Hill and the railway company opposed the granting of the order demanded by the executor, and it was refused. An appeal was taken to the district court, and therein the order of the probate court was affirmed. On the argument of the appeal taken to this court neither Mr. Hill nor the company have appeared, presumably because of the suggestion made by the district court that, as they had failed to present a claim to the probate court within the time fixed for the presentation of claims, they had no standing in the case whatever. We are therefore compelled to consider and determine this appeal without the aid of counsel for respondent or in opposition to the demand that the order be reversed.

The question which we meet at the outset is whether an action pending in the United States circuit court for this district is an action within the purview of Gen. St. 1878, c. 53, § 16, re-enacted in the new Probate Code, (Laws 1889, c. 46, § 111.) If it is an action pending within the meaning of that section, then its judgments when rendered and certified to the probate court are to be paid in the same manner as are claims against the estate which have been allowed in the last-named tribunal. In *Simon* v. *Mann*, 33 Minn. 412, (23 N.

W. Rep. 856,) it was held that a federal court sitting within the
territorial limits of a state is regarded as a domestic court, and its
judgments as domestic judgments therein. The federal court now
under consideration was there declared to be "a court of record of
this state" within the meaning of section 1 of the insolvent law,
(Laws 1881, c. 148.) For the reasons stated in that opinion, all of
which seem applicable to the situation here, we must hold that sec-
tion 16, *supra*, includes and comprehends actions pending in the fed-
eral courts sitting within the territorial limits of this state. In op-
position to this view, *Commercial Bank* v. *Slater*, 21 Minn. 172, has
been cited, wherein it was held that section 16 did not apply to ac-
tions pending in the courts of another state, the reason given being
that it could not be supposed that our statute would attempt to regu-
late the procedure of the courts of other states. In actions pending
in the federal courts sitting within our borders, the same laws are en-
forced as in the state courts, and should death come *pendente lite* to
one of our citizens while defendant in an action brought in a federal
court sitting here, the action would be revived and continued by vir-
tue of the laws of this state, and also against an executor or admin-
istrator appointed by a probate court herein. Not so, however, if
the action be pending in the court of another state. Upon the rea-
son given for the conclusion in the *Slater Case*, if for no other, it is
manifest that the one at bar is distinguishable from it.

The determination arrived at, that section 16, *supra*, places the
judgments of the federal courts before mentioned on the same foot-
ing with judgments of the state courts, brings us to an examination
of what we regard as the vital point in the case. Farley, although
properly cited, failed to appear in the probate court, and his default
has continued. Had he appeared on the hearing of the citation, and,
by an objection in the nature of a demurrer to the petition, opposed
a division and distribution of the estate, could the probate court
have safely granted the prayer of the appellant executor, and thus
deprived him of the assets in its hands primarily charged with the
payment of all debts of the deceased? The appellant would hardly
insist that the probate court could have disregarded Mr. Farley's op-
position had he chosen to interpose it. The inquiry is, what effect

must be given to the fact that he failed to appear and call special attention to what was already before the court by appellant's own showing, and which, in itself, without anything further, disclosed that he had a demand which in time, and in a tribunal possessing plenary jurisdiction, might end in a judgment, collectible as were other claims against the Kittson estate? Can Mr. Farley's default, under such circumstances, be treated as an admission that all of the debts have been paid,—an admission of the truth of that which, by the moving papers alone, is shown to be in doubt,—and, further, that he acquiesced and consented to the division, distribution, and settlement prayed for? If it can be so treated, it would seem to follow that the power and authority of the probate court to make orders and decrees, final as well as interlocutory, depends not upon the case which may be presented by the moving papers, nor upon the proofs, but, at times, more upon the fact that a party from whom we may reasonably anticipate opposition, as a matter of right, has failed to appear and interpose his objections. Mr. Farley's right to revive and continue his action against the representative of the deceased defendant was fixed by statute, and this right he was enforcing in a tribunal provided for a determination of the justness of the claim. Had he appeared when cited, and made objection, resting his case and opposition upon the petition solely, would it have been proper for the probate court to have parcelled out the estate among the devisees and legatees, without regard to his demand? We think not, for Mr. Farley was entitled to a final determination upon the merits of his case, and should he finally obtain judgment in his favor, entitled, also, to have it paid by appellant, and out of the assets of the estate in its hands. There was no provision of chapter 53 (by which chapter this case must be determined) requiring Mr. Farley to exhibit his claim to the probate court for any purpose whatsoever, until it should take the form of a judgment; and had he appeared when cited, it must be apparent that his objection to distribution could not have been ignored. If it could, any claim in litigation in another tribunal could have been disregarded with equal propriety, for no real distinction can be pointed out between the claim in question while being litigated in a federal court, and the

same demand pending in the supreme or a district court of this state, on appeal from an order of the probate court or otherwise. Again, it must be admitted that on the petition presented by appellant failing, as it did, to make out a case on which division and distribution could lawfully be made, the court would have been justified at the outset in refusing its order to show cause. If so, on what ground can it now be urged that the court erred when disposing of the petition on its merits, save the one we have just discussed,—the effect of Mr. Farley's failure to appear on the hearing?

We are unable to see any difference between the situation as it was on the day of hearing in probate court and that which might arise when, in any ordinary civil action, the complaint and proofs not only fail to state and show a cause of action and right to recover, but, on the contrary, clearly establish that plaintiff has no cause of action and no right to recover. In such a case we need not say that the action should be dismissed without reference to the attitude of the defendant, whether present at the hearing, and protesting to the end, or absent and inexcusably in default. By failing to appear in opposition to the motion, Mr. Farley did nothing more than to admit that the facts as they actually existed were stated in the petition. By his default he no more consented to and authorized the order demanded by appellant than would a defendant who, perfectly aware that the pleadings and proof will show that a recovery cannot be had against him, consents to and authorizes the entry of judgment by failing to appear and defend when sued. Such a defendant has the right to rely upon a belief that the court will do its duty and pass upon the merits of the application.

The result of this proceeding is to be regretted, as it will probably do an injustice to the devisees and legatees; but the responsibility for the defect in the statute, which wholly fails to guard against the present situation, and has thus given an opportunity for a postponement of the settlement of estates for an indefinite period, is with the law-makers, not with the courts. However, it will be borne in mind, in this connection, that the new probate code, in effect from October 1, 1889, although section 16 is re-enacted, has limited the time within which estates must be settled and distributed. The limitation as to

time, found in section 117 of chapter 46, *supra,* is a new feature of the probate law in this state, and might materially affect this case if applicable.

Order affirmed.

MITCHELL, J., *(dissenting.)* While admitting that an action pending in a United States court sitting within this state comes within the provisions of Gen. St. 1878, *c.* 53, § 16, yet I am unable to concur in the other conclusions arrived at in the opinion of the court. I think that the order of distribution should have been granted, and therefore dissent.

NOTE. A motion for a reargument of this case was denied February 12, 1891.