## IN RE PHILLIPS' ESTATE.

[Submitted May 18, 1896.   Decided June 1, 1896.]

EXECUTORS—*Appeal—Partial distribution.*—An executrix may appeal in her representative capacity from an order directing a partial distribution of the estate. (*In re McFarland's Estate*, 10 Mont. 445, cited; *In re Dewar's Estate*, 10 Mont. 422, distinguished.)

SAME—*Appeal from order of partial distribution.*—On an appeal by an executrix in her official capacity, matters affecting her personal share of the estate as the widow of the decedent and as a legatee, are not brought before the appellate court for review.

SAME—*Partial distribution.*—An order directing the partial distribution of an estate will be sustained on an appeal by the executrix, where it appeared that, after deducting the amount to be distributed from the balance in the hands of the executrix, as shown by her final report, there remained a sufficiency to pay a legacy to her as widow, and all expenses of administration as well as her claim for an allowance for support during the settlement of the estate.

SAME—*Partial distribution—Objections by executrix.*—It is no objection to an order directing the partial distribution of an estate, that the final account of the executrix had not been allowed, and hence it could not be known what amount was subject to distribution, where the order was conditioned upon the giving of a bond to the executrix to indemnify the estate.

SAME—*Same.*—The pendency of a suit brought by the executrix in her personal capacity against herself in her representative capacity to recover for moneys paid for funeral expenses, whereby the amount subject to distribution was rendered uncertain, was properly ignored by the court as an objection to an order of partial distribution, where it had already been decided that such action could not be maintained.

WILLS—*Legacy—Testator's intent.*—By a clause in a will which provided that "Under none of the provisions of this, my last will, shall the share of my wife be less than $7,000," inclusive of certain described life insurance amounting to $5,000, it was the testator's intent that his wife should be a preferred legatee in the sum of $2,000, to be paid out of his estate.

ADMINISTRATION—*Allowance to widow.*—*Semble*, a widow is entitled as a matter of right to a reasonable allowance during the progress of the settlement of the estate, and her financial ability to support herself without such aid is immaterial in determining her right to such allowance.

*Appeal from Second Judicial District, Silver Bow County.*

PROBATE PROCEEDING.   An order directing a partial distribution of the estate was made by McHATTON, J.   Affirmed.

Statement of the case by the justice delivering the opinion.

This is an appeal by Anna M. Phillips, as executrix of the will of Geo. W. Phillips, deceased. Mary A. Snively, a legatee, under the will of Geo. W. Phillips, and Henry Camp, acting for several other legatees, applied to the court for a partial distribution. The petition of Mary A. Snively sets

forth that the executrix on the ———— day of February, 1894, filed her account, denominated an "annual account"; that the same was allowed and settled on the 28th day of April, 1894, with the exception of certain items therein, which were disallowed; that it appeared from said account so allowed by the court, that the claims against the estate amounted to $4,943.-70, and that the assets of the estate, in cash collected, amounted to $12,354, leaving a balance to the credit of the estate of over $9,000, subject to distribution; that notice to creditors was duly given; that the time for filing claims against the estate had passed; and that all claims, allowed and disallowed, amounted to $4,943.70. It also set forth that the estate is but little indebted, and that the legacies may be paid by partial distribution.

Anna M. Phillips, executrix, objected to the order of distribution, "said objection being made as well on her own personal behalf, as a legatee under the will of the said Geo. W. Phillips, deceased, and also as a claimant against said estate, as in her capacity as executrix of the will of said George W. Phillips, deceased." Her grounds of objection as executrix were that her accounts had not yet been passed upon, and that there was litigation pending, involving allowances sued for in *Phillips* v. *Phillips*, *ante*, page 305. In her individual capacity she objects because the will made her a principal legatee, and bequeathed to her in no event less than $7,000, inclusive of two policies of insurance, amounting to $5,000, and because all other bequests made in the will are subject to said bequest. She also objected because, if distribution be made before the final determination of the suit above referred to, it could not be determined, in advance, whether or not there would be enough remaining to pay the amount bequeathed to said Anna M. Phillips under the will. The executrix asked, also, that the will be considered by the court in deciding the application for distribution.

*S. De Wolfe*, for Appellant.

*John W. Cotter*, for Respondent.

An executrix or administratrix in her official capacity cannot appeal from an order entering a decree of distribution. (*In re Dewar's Estate*, 10 Mont. 422, 424; *Bates* v. *Ryberg*, 40 Cal. 463; *Estate of Wright*, 49 Cal. 550; *Estate of Marrey*, 65 Cal. 287; *Merrifield* v. *Longmire*, 66 Cal. 180.) The fact that the administratrix has an interest as an individual in the estate as one of the legatees will not entitle her to prosecute this appeal as such executrix. (*In re Dewar's Estate*, 10 Mont. 422, 424; *Bates* v. *Ryberg*, 40 Cal. 463; *Estate of Marrey*, 65 Cal. 287; *Merrifield* v. *Longmire*, 66 Cal. 180.) The record not showing the facts upon which the court made the finding and order, and all of the proceedings appearing regular upon their face, and the facts found by the court showing that the condition of the estate warranted the court in making the order, the order should be affirmed. (*Estate of Kelly*, 63 Cal. 106; *Estate of Dunn*, 65 Cal. 378.) Upon the filing of the petitions for partial distribution, and the facts found by the court as recited in the order, which is conclusive upon this appeal, as we submit, the court was warranted in ordering a partial distribution. (Probate Practice Act, Sec. 284; *Estate of Prichett*, 52 Cal. 94; Schouler on Executors and Administrators, Secs. 504, 527.)

*William Scallon*, for Respondent Snively.

HUNT, J.—It is argued by the respondents that this appeal will not lie because it was taken by Anna M. Phillips in her capacity as executrix of the will of her husband. To support the argument the case of *Dewars' Estate*, 10 Mont. 422, is relied on. There the administrator appealed from an order sustaining certain objections to the administrator's final account, and from the decree of distribution. It was decided that in his official character the appellant had no interest in the decree of distribution, and his appeal was therefore dismissed. No statute was cited giving the administrator any right to resist the proceeding or order of the court appealed from. But in this case the appeal is from an order of *partial* distribution, applied for under sections 284, 285, Probate

Practice Act (Comp. St. 1887), where, after the lapse of four months from the issuing of letters testamentary, a legatee may, upon giving certain security, apply for the legacy or share of the estate to which he is entitled.

By section 286 of the Code such an application may be resisted by the executor or any person interested in the estate. It was so decided in *Estate of Kelley*, 63 Cal. 106, upon an appeal from an order of partial distribution made under a statute of that state (section 1660, Code Civ. Proc. Cal.), precisely like section 286 of the Montana Probate Code. The reason of the statute must be that the executor, who is strictly bound to see to it that the estate is preserved for distribution to creditors and others who may be entitled thereto upon final distribution, is interested in resisting any order of distribution, made before final settlement, by which the assets of the estate may be dissipated to the injury of creditors' rights. But, when final distribution is ordered, and his official trust is about terminated, and the creditors have had full time to present their claims, and all claims have been presented, and the heirs and legatees are in court, having done his duty by preserving the estate for distribution, then, as executor, he can have no interest in a claim of one legatee as against others, at the expense of the estate.

This appellant, therefore, had the right to appeal, as executrix from the order allowing a partial distributive share of the estate to the respondents. (Code Civ. Proc. 1887, § 445; *In re McFarland's Estate*, 10 Mont. 445.)

But as the appeal was taken by her in her official capacity we are limited to the consideration of any matters affecting her as executrix of the estate. In her individual capacity she does not appeal. Matters affecting only her personal share of the estate, as the widow of decedent, and as a legatee, are, therefore, not before us. (*Merrifield* v. *Longmire*, 66 Cal. 181, 4 Pac. 1176; *Estate of Marrey*, 65 Cal. 287, 3 Pac. 896; *In re Jessup*, 80 Cal. 625, 22 Pac. 260.) But, as executrix, she has no cause of complaint. In her objections she states that, by her final report filed, the balance in her

hands is $9,659.05.   Of this amount $4,100 was ordered distributed to the legatees under the will, leaving in her hands $5,559.05.   This $5,559.05 is sufficient to cover $2,000 payable to the widow by the eighth clause of the will, besides all expenses of administration, and will still leave enough to cover the claim of the widow for a reasonable family allowance, if, by the statute, she is entitled to the same.   As executrix, therefore, Mrs. Phillips is not aggrieved.

One of the appellant's objections particularly set forth, is that she had presented her final account as executrix, but the same had not been acted upon by the court; hence it could not be known what amount remained in the hands of the executrix subject to distribution, nor what amount should be paid to the several legatees under the will.   This is answered by the record fact that the respondents only asked a partial distribution, as contemplated by law, and were only awarded a partial distribution upon giving bond to the executrix to indemnify the estate.   Presumably the court made the decree upon a showing which warranted the order.   If appellant were correct, and partial distribution can only be had after final accounts are allowed, there would be no use of the proceeding for a partial distribution, and the benefits of the statutes might be entirely lost.   It was to avoid the hardship often incident to the long delays of the final accounting that, upon a sufficient showing, partial distribution might be had.

The next principal objection made by the executrix is that an action was pending against the executrix to recover the sum of $2,521.25 for moneys paid by the appellant in her individual capacity to defray funeral expenses of the decedent, and that until that action was decided, the court could not determine the amount of the funds which would be subject to the payment of the legacies contained in the will, or whether there would be sufficient to pay the partial amount directed to be paid by the order of the court appealed from in this case. The decision in the case of *Phillips* v. *Phillips, Executrix, ante,* page 305, is that the plaintiff could not maintain the action referred to.   The court, therefore, properly ignored

the above mentioned suit of Mrs. Phillips, and her objections on account of its pendency, and included the sum of $2,521.25 in the estimate of funds in the hands of the executrix.

We have referred to a payment to the widow under the eighth clause of the decedent's will. It is doubtful whether the will is before us at all for direct construction; but, as the meaning of the testator's language was argued by counsel; and as our opinion will doubtless facilitate the final settlement of the estate, which is desired by all parties, we have considered the provision in dispute. The decedent, after directing the payment of the expenses of his last sickness and funeral, and the payment of the allowance by law made to his family surviving him, and all his just debts, bequeathed to his wife, Anna M. Phillips, all his property, "she to pay the bequests following." Then followed bequests to his brother, his parents, a friend, and, in case of his death by accident, certain additional bequests to his sister and her daughter. By the eighth clause of the will the testator provided as follows: "Under none of the provisions of this, my last will, shall the share of my wife, Anna M. Phillips, be less than $7,000, inclusive of the $3,000 policy on my life in the Royal Arcanum, and another $2,000 policy on my life in the Ancient Order of United Workmen, payable now to her."

We think the testator intended, by the language quoted, that his wife should be a preferred legatee in the sum of $2,000, to be paid out of his estate. We regard the references to the policies of life insurance as recognitions of the fact that, by adding $2,000 of his money to the $5,000 insurance to come to her as her own, she would be comfortably provided for. The testator simply desired that, when he died, his wife should be worth the sum of $7,000,—$5,000 of her own by policies, and $2,000 from his estate.

As said before, the matter of the allowance by the widow not being before the court by this appeal, no decision is made upon the action of the district court in disallowing her claim of allowance. It would seem, however, by a recent decision of the

supreme court of California (*in re Lux's Estate,* 100 Cal. 593, 35 Pac. 341), that the widow was entitled, as a matter of right, to a reasonable allowance during the progress of the settlement of the estate, and that her financial ability to support herself without aid from the estate is immaterial in considering the question of her right to such allowance. Judgment affirmed.

*Affirmed.*

PEMBERTON, C. J. concurs. DE WITT, J., not sitting.