[S. F. No. 6020. Department Two.—September 27, 1912.]

## In the Matter of the Estate of ELLEN M. COLTON, Deceased.

ESTATES OF DECEASED PERSONS—PARTIAL DISTRIBUTION—CHOSE IN ACTION IN LITIGATION.—A chose in action belonging to the estate of a deceased person, which the executors were endeavoring to enforce by a pending action, should not be distributed on a petition for partial distribution in opposition to the wishes of certain of the parties in interest and of the executors.

ID.—CHOSES IN ACTION SHOULD NOT BE DISTRIBUTED.—As a statement of fact for the guidance of courts in probate, and not as a proposition of law, it is held that, generally speaking, claims in litigation should not be distributed unless with the full assent of all parties interested and under circumstances where it is apparent to the court that no embarrassment will result to the administrators, or to the administration, in the orderly effort to reduce such a claim to judgment and possession.

ID.—APPEAL FROM DECREE OF PARTIAL DISTRIBUTION—PARTIES INTERESTED IN ESTATE ARE AGGRIEVED.—A party possessing an interest in such estate is aggrieved by a decree of partial distribution distributing an undivided interest in such a chose in action to another party, and is entitled to appeal therefrom.

ID.—EXECUTORS MAY APPEAL FROM DECREE.—The executors have the right to appeal from any order which is embarrassing to the due administration of the estate, and may appeal from such decree of partial distribution.

APPEAL from a decree of the Superior Court of Santa Cruz County partially distributing the estate of a deceased person. Lucas F. Smith, Judge.

CLXIV. Cal.—1          (1)

The facts are stated in the opinion of the court.

J. F. Riley, and Charles W. Slack, for Appellants.

Edward C. Harrison, and Maurice E. Harrison, for Respondent.

HENSHAW, J.—This is an appeal from a decree of partial distribution: given under the following circumstances. Contest having arisen over the will of Ellen M. Colton, deceased, all of the parties in interest compounded their differences and entered into a written agreement which provided for the distribution of the estate "after paying the debts, if any, of the decedent, and the necessary costs of administration." Application for partial distribution was made upon behalf of Helene M. B. Sacher, to whom, under the agreement was to be distributed one-fourth of the estate. At the time of her petition for partial distribution and at the time of the hearing thereof the necessary costs of administration of the estate had not been paid and the greater part of the estate consisted of a claim against the California Safe Deposit and Trust Company appraised at three hundred thousand dollars for the enforcement of which the executors had brought suit, which suit was and still is pending and undetermined. The application was for the distribution to Helene M. B. Sacher of one-fourth of the claim against the California Safe Deposit and Trust Company. The court decreed distribution as prayed for and from its decree the executors and Caroline Colton Dahlgren, to whom, under the agreement was to be distributed one-half of the estate, appealed.

Upon the appeal two propositions are advanced: 1. That the decree is in violation of the written agreement of the parties, who by their agreement covenanted that such distribution should not be made until the necessary costs of administration had been paid, and that these costs, in fact, had not been paid; and 2. That in view of the condition of the assets of the estate it was error for the court to decree partial distribution. Upon both of these propositions appellants' position is well taken. Respondent relies upon the provisions of section 1661 of the Code of Civil Procedure and construes those provisions as a mandate upon the court to order distribution when the condi-

tions contemplated by the section are found to exist. Generally speaking, this is true, but it is quite within the powers of the parties (and here the parties were all the parties in interest), or for a single party to estop himself by contract or conduct from insisting upon the enforcement of this rule. (*Estate of Glenn*, 153 Cal. 77, [94 Pac. 230].) The written contract of these parties into which they advisedly entered was that distribution should be postponed until the necessary costs of administration had been paid. No attack is made upon this agreement; it is not sought to be avoided upon any legal or equitable grounds and it stands, therefore, as a binding covenant upon all the parties to it. We need not be at pains to consider the advantages to be derived by one or another of the parties by the enforcement of the agreement, whether either or any will sustain any financial detriment or advantage by its enforcement or nonenforcement. Suffice it, that the contract is one within the power of the parties to make, one by the parties advisedly made, and it is binding upon the court in probate unless adequate cause be shown for setting aside its provisions. No such cause is shown. We have said that it is unnecessary to consider the advantages or disadvantages which might result to one or another of the parties to this agreement should the court see fit to enforce, or, as here, to disregard its terms. The contract was based upon a sufficient consideration, the mutual surrender of asserted legal rights, and this being the case, any party to it is entitled to insist upon the fulfillment of its terms regardless of any question of financial gain or loss. Indeed, the real consideration may not be financial at all. Solely by way of illustration it may be said that a father or mother might enter into such a contract to delay distribution to the end of postponing the time when a wayward son might take his legacy in the belief that if the son took the property immediately he would squander it, and if possession was delayed a reformation might have intervened. This, as we say, is only to illustrate the innumerable reasons which might prompt the execution of such a contract as this, aside from reasons purely of financial gain, but whatever the reasons may have been, we repeat, no cause having been shown why the contract should not be observed, the parties to it were entitled to insist upon its terms.

As little doubt may be entertained upon the second proposition. What the court has done without adequate or any cause therefor shown (excepting perhaps the belief entertained by the court that it was acting under compulsion of section 1661 of the Code of Civil Procedure), is to distribute an indivisible chose in action, a chose in action actually in litigation, a claim in suit which could not from its very nature be divided without great embarrassment to the executors in the due conduct of that litigation. Indeed, it may be said, not, of course, as a proposition of law, but as a statement of fact for the guidance of courts in probate that, generally speaking, claims in litigation should not be distributed unless with the full assent of all the parties interested and under circumstances where it is apparent to the court that no embarrassment will result to the administrators, or to the administration, in the orderly effort to reduce such a claim to judgment and possession. (*In re Kittson,* 45 Minn. 197, [48 N. W. 419]; *Murff* v. *Frazier,* 41 Miss. 408.) By this court it has been said that when an estate is in the condition here shown it is not ready for distribution, our language being: "If the assets are merely claimed to exist, and the right to them is involved in litigation, either by an action brought by the executor or administrator to recover them for the estate, or by an action against the executor or administrator to recover them from the estate, then the estate is not ready for distribution. The very existence of the property as assets is uncertain, and contingent upon the determination of the suits." (*Estate of Ricaud,* 57 Cal. 421.) Such was the precise situation here presented and the distribution was made under the opposition of other parties in interest and the opposition of the executors.

The right of Caroline Colton Dahlgren, as a party aggrieved, to appeal, is beyond question. She not only possessed rights under the contract which were injuriously affected by the decree, but she possessed an interest in the estate which, for the reasons indicated, were liable to suffer detriment because of the decree. The test laid down in *Adams* v. *Woods,* 8 Cal. 306, "Would the party have had the thing if the erroneous judgment had not been given? If the answer be yea, then the person is the party aggrieved," however satisfactory to the case then under consideration, by no means affords a complete definition of the phrase "party aggrieved," nor has

it ever in this state been held to afford such a complete definition. Under our decisions any person having an interest recognized by law in the subject matter of the judgment, which interest is injuriously affected by the judgment, is a party aggrieved and entitled to be heard upon appeal. As to the appeal of the executors there can be no doubt of their right to appeal from any order which is embarrassing to the due administration of the estate. (Code Civ. Proc., secs. 938, 963, 1660; *Estate of Kelley,* 63 Cal. 106; *Estate of Ryer,* 110 Cal. 556, [42 Pac. 1082] ; *Estate of Heydenfeldt,* 117 Cal. 551, [47 Pac. 713].) That a decree made under these circumstances is so embarrassing has already been declared.

The decree appealed from is therefore reversed.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.

In denying the hearing in Bank the court in Bank rendered the following opinion on October 26, 1912:

THE COURT.—In this case the discussion in the opinion in Department Two relating to the first proposition advanced by the appellant—namely, that the decree is in violation of the written agreement of the parties, is withdrawn. The court is satisfied with the discussion and decision upon the second proposition and that the case was properly reversed upon the grounds therein stated.

Petition for rehearing is denied.