## In the Matter of the Estate of CARL RAY, Deceased.

### In re Petition of Robert E. Barringer.

No. 3673

October 11, 1951.                    236 P.2d 300.

*Jones, Wiener, Jones & Zenoff,* of Las Vegas, for Appellant Paul Angelillo, Executor.

*John G. Cope,* of Las Vegas, for Appellant Carlita Nancy Ray, minor heir.

*Hawkins & Cannon,* of Las Vegas, for Respondent Robert E. Barringer.

ON MOTIONS TO DISMISS APPEALS

By the Court, BADT, C. J.:

Robert E. Barringer, respondent, claiming to be the son of Carl Ray, deceased, who at one time was known as Melvin A. Barringer, petitioned the court for distribution to him as a pretermitted heir of one-third of the

deceased's estate under that provision of our statute reading as follows:

"§ 235. At any time after the lapse of three months after the issuing of letters testamentary or of administration, any heir, devisee or legatee, or his assignee, may present his petition to the court, praying that the legacy or share of the estate, to which he or she is entitled, may be given to him or her upon giving bond, with approved security, for the payment of his or her proportion of the debts of the estate. The court may dispense with a bond if it be made to appear that the same is unnecessary." Sec. 9882.235, N.C.L.1931–1941 Supp.

The petition was resisted by the co-executors, one of whom has since resigned as such and has been dismissed from the proceedings by order of court pursuant to stipulation of the parties. It was also resisted by Carlita Nancy Ray, a minor heir of the age of three years, through the attorney appointed by the court to act for her. The respective demurrers of the executor and the minor heir were overruled, and they filed answers denying Barringer's allegations of heirship and denying that the testator had unintentionally omitted him from his will. They also allege that in any event Barringer was under the terms of the exclusion clause of the will, precluded from participating in the estate to the extent of more than the sum of $1. Oral and documentary evidence was presented on the issues made, and the court entered the following order:

"It is, therefore, ordered that the executors, within thirty days from and after the date hereof, make and file herein a full account of the estate of said deceased showing the character and value of the estate property remaining in their hands, and what income has been received therefrom, and within ten days thereafter deliver to petitioner one third of said estate which remains after deduction of the estimated expenses of administration, being the whole portion of the estate to which petitioner is entitled; and if, in the execution of this decree, a partition is necessary, it shall be made in

the manner provided by law. The giving of a bond by petitioner is dispensed with, it appearing that the same is unnecessary."

The executor and the minor heir severally moved for a new trial of said issue and both motions were denied. The executor and the minor heir then severally appealed from the order (somewhat generally referred to in the briefs as an order of partial distribution) and also from the order denying new trial. Respondent Barringer has interposed four motions to dismiss the appeals: (1) the appeal of the executor from the order of partial distribution; (2) the appeal of the executor from the order denying his motion for a new trial; (3) the appeal of the minor heir from the order of partial distribution; and (4) the appeal of the minor heir from the order denying her motion for new trial.

### The Motions to Dismiss the Executor's Appeals

In the matter of the Estate of Carl Ray, deceased (In re Petition of Truman Nye), 68 Nev. 355, 233 P.2d 393, decided June 27, 1951, this court dismissed the appeal of the executor from an order made, under a provision of the will, for the payment of a monthly sum to Truman Nye. We there held that the executor was not an aggrieved party entitled to appeal. Barringer insists that our decision in the matter of the Truman Nye petition is controlling in this motion, and such is our conclusion. The executor insists, however, that in the Truman Nye petition there was neither presented to nor considered by the court sec. 9882.237, N.C.L.1931–1941 Supp. Section 9882.235 permits an heir, devisee or legatee to petition for distribution to him of the part of the estate to which he is entitled. Section 9882.236 provides for notice to the executor and others. Section 9882.237 reads in part: "The executor or administrator, or any person interested in the estate, may appear and resist the application * * *." The executor insists that in construing similar statutes the supreme court of

California and the supreme court of Montana, while recognizing the rule that an executor may not appeal from a final order of distribution (the accounts having been settled and the only question being the determination of the persons entitled to distribution), hold that an executor may appeal from an order of partial distribution.[1] Such cases involved situations in which the assets of the estate might not be sufficient to discharge the claims of creditors, or where the assets were so uncertain that an order of partial distribution might be embarrassing to the proper administration of the estate, or where the awarding of an extravagant family allowance might deplete the estate, or where the partial distribution might dissipate the estate to the injury of the rights of creditors. No situation of this nature occurs here. In resisting the Barringer petition for distribution to him as a pretermitted heir, the executors denied the heirship, denied the unintentional omission of the son from his father's will and alleged that the son had been provided for under that provision of the will which bequeathed $1 to any person claiming to be entitled to a share of the estate and contesting the will. The district court in its decision recited these issues as made by the pleadings. The estate was appraised in the sum of $133,630. No creditors' claims had been filed and no claim made that there was any probability that any creditors' claims would be filed. The written order granting Barringer's petition, and contained in the final paragraph of the written opinion and decision of the learned district judge, orders that the executors file a full account within 30 days, and within 10 days thereafter, deliver to Barringer one third of the estate remaining after deduction of the estimated expenses of administration. Bond was dispensed with, "it appearing

---

[1] In re Kessler's Estate, 32 Cal.2d 367, 196 P.2d 559, citing Estate of Murphy, 145 Cal. 464, 78 P. 960; Estate of Mitchell, 121 Cal. 391, 53 P. 810; and Estate of Kelley, 63 Cal. 106; Estate of Colton, 164 Cal. 1, 127 P. 643; Estate of Snowball, 156 Cal. 235, 104 P. 446; In re Phillips' Estate, 18 Mont. 311, 45 P. 222.

that the same is unnecessary." The record does not contain the account referred to in the order nor does it contain the notice to creditors, but, as the order in question was made November 22, 1950 and as letters testamentary had been issued over a year prior thereto, it is clear that the three months' time for presentation of creditors' claims had long since expired. The question as to whether Barringer was entitled to a one-third of the estate as a pretermitted heir was the only issue involved and was apparently, to all intents, purposes and practical effect, the same as it would have been on petition for final distribution. Under such a situation the California and Montana authorities support rather than weaken the conclusion we have reached. The executor quotes from In re Davis' Estate, 27 Mont. 235, 70 P. 721, 722: "Section 2835 grants them [the executors] not only the right to resist, but also to resist effectually, and this right puts them within the class to whom the right of appeal is assured * * *." We think such statement was made with reference to the facts of that case and not as necessarily applying to all cases. The Montana court relied upon Phillips' Estate, 18 Mont. 311, 45 P. 222, 223, where the executor was permitted to appeal from a decree of partial distribution in order that the estate might be "preserved for distribution to creditors and others who may be entitled thereto upon final distribution," and not "dissipated to the injury of creditors' rights." No such issue was even made here. In the recent case of Leonard v. Belanger, 67 Nev. 577, 222 P.2d 193, 200, in which we dismissed the appeal of certain defendants because of their disclaimer of any interest in the controversy or in the property involved in the litigation, we quoted with approval the rule stated in 88 A.L.R. 1159, as approved by this court in Kenney v. Hickey, 60 Nev. 187, 105 P.2d 192, as follows: "The mere fact that a party could properly arouse the jurisdiction of the court below does not establish his right to appeal from an adverse decision." Both appeals of the executor must be dismissed.

### The Motion to Dismiss the Minor Heir's Appeal From the Order of Partial Distribution

This motion is based on six grounds: (1) that the minor heir was not an aggrieved party; (2) that the order of partial distribution was not an appealable order; (3, 4) that the appellant minor heir did not present a bill of exceptions separate from that presented by the appellant executor; (5) that the attempted appeal of the minor heir, through the attorney appointed by the court to represent her, was ineffective, for the reason that she could legally act only through a guardian ad litem or a general guardian; and (6) that the original proposed bill of exceptions was entitled in this court rather than in the probate court, and that at the time the error was discovered and corrected, the time had expired for filing proposed bill of exceptions.

(1) The minor heir is obviously an aggrieved party entitled to appeal.

(2) We are satisfied that the order of partial distribution was an appealable order under the provisions of sec. 9882.293, N.C.L.1931–1941 Supp., specifically permitting an appeal from an order or decree "instructing or directing an executor or administrator; directing or allowing the payment of a debt, claim, legacy or attorney's fees; determining heirship or the persons to whom distribution should be made or trust property should pass; distributing property * * *." This ground of the motion is without merit.

(3, 4) The minor heir served and filed a separate notice of appeal and a separate undertaking on appeal. She joined with the executor in filing a proposed bill of exceptions, reciting at the beginning thereof: "Come now Ida Angelot Ray and Paul Angelillo, co-executors of the estate of Carl Ray, deceased, and Carlita Nancy Ray, minor heir, and for their joint bill of exceptions,

submit the following transcript of record on appeal." This proposed joint bill of exceptions was submitted over the signatures of the attorneys appearing separately for the separate appellants. Counsel for the minor heir, in executing a praecipe for preparation of the record, advised the clerk of the lower court that he did so jointly with the appealing executor and would be responsible for one half of the fees and charges. Cases cited by Barringer to the effect that under the circumstances there appearing a separate bill of exceptions was essential to the appeal of the particular appellant are not in point as to the circumstances here. No valid reason is assigned to indicate that the joint bill of exceptions in support of the separate appeals of the executor and the minor heir was in violation of any statute or rule of court, or improper in any respect. The practice of utilizing joint bills of exceptions under proper circumstances has been generally approved. 4 C.J.S., Appeal and Error, sec. 817, pp. 1304, 1305. It should be noted that the issues raised by the executor and the minor heir were virtually identical, that upon these pleadings there was but one trial, but one decision, and but one order denying the separate motions for new trial. We find no merit in this ground of the motion.

(5) Barringer next insists that the minor heir's appeal must be dismissed because she could take such appeal only through a duly appointed and qualified guardian ad litem or a general guardian duly appointed and qualified, which she has not attempted to do. Such contention is made by reason of sec. 8549, N.C.L.1929, requiring that when an infant is a party he must appear either by his general guardian or a guardian ad litem. In the present proceedings the minor heir appeared and also prosecuted her appeal under the provisions of sec. 9882.16, N.C.L.1931–1941 Supp. This section requires, when a will is offered for probate, that the court appoint an attorney for the minor's interest in the estate. Section 9882.307 provides that "all attorneys for estates or

executors or administrators or appointed in the proceedings, shall be attorneys of record with like powers and responsibilities as attorneys in other actions and proceedings * * *." We are satisfied that under the authorities the attorney for the minor heir appointed by the court in the probate proceeding was authorized to represent her in all matters in such proceeding, including the prosecution of her appeal, and that the general sections above quoted requiring appearance by a general guardian or guardian ad litem in ordinary actions and civil proceedings took nothing from this authority in probate. Carpenter v. Superior Court, 75 Cal. 596, 19 P. 174; State v. District Court, 34 Mont. 226, 85 P. 1022; Robinson v. Fair, 128 U.S. 53, 9 S.Ct. 30, 32 L.Ed. 415.

(6) The joint bill of exceptions, as originally filed, was inadvertently entitled in the supreme court instead of in the district court. The error was called to the district court's attention at the hearing before that court on settlement of the bill of exceptions and was then and there corrected. The proposed bill of exceptions was filed in time, but the correction was made after the time for filing the original proposed bill of exceptions had expired. Barringer contends that the proposed bill of exceptions, up to the time of the correction, was accordingly simply a fugitive document which could not later be given legal status by reason of the correction. The learned district judge made the correction in his own handwriting, initialing and dating the correction in the margin. Section 9385.77, N.C.L. 1931–1941 Supp., requires that no appeal be dismissed by this court for any defect or informality in the appellate proceedings until the appellant has been given an opportunity to correct the same, and that no appeal be dismissed for any irregularity not affecting the jurisdiction of the court to hear and determine the appeal or affecting the substantial rights of the parties, and

that defects or irregularities may be cured by amendment on proper application. If the district court had not made the amendment, this court would undoubtedly have done so. This ground of the motion to dismiss is without merit.

THE MOTION TO DISMISS THE MINOR HEIR'S APPEAL FROM THE ORDER DENYING HER MOTION FOR NEW TRIAL.

In support of this motion Barringer refers to that section of the probate statute listing the various orders from which an appeal may be taken, namely, sec. 9882.293, N.C.L.1931–1941 Supp. This list does not include an order denying a motion for new trial. Indeed, no section of the probate act specifically authorizes a new trial of any issues or proceedings therein unless it be through the effect of sec. 9882.319, N.C.L.1931–1941 Supp., reading as follows: "When not otherwise specially provided in this act, all the provisions of law regulating proceedings in civil cases apply in matters of estate, when appropriate, or the same may be applied as auxiliary to the provisions of this act." The act regulating new trials and appeals in civil actions specifically allows an appeal from an order granting or refusing a new trial. Sec. 9385.60, N.C.L.1931–1941 Supp. In the recent case of Abel v. Lowry, 68 Nev. 284, 231 P.2d 191, we held that sec. 8640, N.C.L.1929, a remedial statute authorizing the court to relieve a party from proceedings taken against him through his mistake, inadvertence, surprise or excusable neglect, was "made applicable to the probate court by the provisions of § 9882.319 * * *." This court, In re Benson's Estate, 62 Nev. 376, 151 P.2d 762, on an appeal from a decree of distribution, refused to consider the sufficiency of the evidence *because* appellant had not moved for a new trial, and emphatically applied to estate proceedings the rule that a motion for a new trial was essential

to a review of the evidence.  Accordingly, we must find that this ground of the motion is likewise without merit.

The motions to dismiss the executor's appeals are granted with costs against the executor, which costs, however, may be allowed in the executor's accounts.

The motions to dismiss the appeals of the minor heir are denied with costs in favor of the minor heir.

EATHER and MERRILL, JJ., concur.

### ORDER DENYING REHEARING

(On petition for rehearing of order denying motion to dismiss appeal of Carlita Nancy Ray, minor, from order of partial distribution and from order denying motion for new trial.)

January 18, 1952.

*Per Curiam:*

**Rehearing denied.**