

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 29, 1961

Mr. Jesse James
State Treasurer
Austin, Texas

Dear Mr. James:

Opinion No. WW-1230

Re: Whether Article 3272a,
V.C.S. applies to money
on deposit in custody of
a Federal Court.

You have requested our advice on the question of
whether Article 3272a, V.C.S. applies to monies on deposit
in the custody of a Federal Court.

Article 3272a, after providing "every person hold-
ing personal property subject to escheat under Article 3272
. . . shall . . . file a report thereof with the State
Treasurer . . .", defines "person", in part, as follows:

"(a)  The term 'person' as used in
this article means any . . . governmental
or political subdivision or officer, public
authority . . . officer of a court, liqui-
dator . . . or any other legal, commercial
or governmental or political entity . . ."

Thus, the plain language of the statute dictates
that officers of courts holding personal property subject to
escheat shall report such property.  The word "court" is
clearly used here in the generic sense and it would be pure
legislation on our part to attempt to restrict the meaning
of this term to anything less than every court of every juris-
diction sitting in this state.

The word "court", without further identification
in the statute as to whether the term embraces federal as
well as state courts, has been held to include federal courts.
Dickson v. Chesapeake & Ohio Ry. Co., 7 W.Va. 390 (1874); In
re Kittson's Estate, 45 Minn. 197, 48 N.W. 419 (1891);
Plymouth County Trust Company v. MacDonald, 53 F.2d 827 (C.C.A.
Mass. 1931); Look v. Alaska S.S. Co., 8 F.2d 207 (D.C. Wash.
1925).

In our judgment Section 11 of Article 3272a, which is quoted hereafter, does not reveal that the Legislature intended to exclude federal courts from the provisions of the statute requiring the reporting of property which is subject to escheat.

> "Unclaimed property held by the federal government. In the event of the enactment by the federal government of laws providing for the discovery of unclaimed property held by the federal government, and for the furnishing or availability of such information to the States, the State Treasurer is hereby authorized to compensate the Federal government for the proportionate share of the actual and necessary cost of examining records, and the State of Texas shall hold the Federal Government harmless from later claims of owners of unclaimed property delivered to the State Treasurer by the Federal government. Such compensation shall be paid from the Escheat Expense and Reimbursement Fund."

It is our view that the purpose of Section 11 is to encourage the Federal Government to assist the State in discovering unclaimed property by giving assurances of reimbursement for the cost to the Federal Government of obtaining such information and by advising the Federal Government that it will not be liable for subsequent claims from owners where the State has received unclaimed property from the Federal Government. This does not indicate that the State does not also assert the right, at least to monies on deposit in federal courts, to require reporting and the escheat of such property under its own statute. In short, it welcomes help from the Federal Government in locating escheatable personal property held by the Federal Government generally but does not exclude self-help on the part of the State as to monies in the custody of federal courts sitting in this State.

We are persuaded that if the Legislature had intended to exclude federal courts it would not have left the matter to be ascertained by implication from Section 11.

Section 1 (b) of Article 3272a defines "personal property" in part, as follows:

"money . . . claims for money or indebtedness and . . . deposits."

Hence, monies on deposit in the custody of a court, being "money" and "deposits", are manifestly personal property within the meaning of Article 3272a.

The question emanating from our foregoing construction of the statute is whether the statute violates the Constitution of the United States by requiring the reporting of monies in the custody of federal officers and providing for the escheat of such property to the State.

Section 2042 of 11 U.S.C.A. provides as follows:

"No money deposited shall be withdrawn except by order of court. In every case in which the right to withdraw money deposited in court has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him."

It is clear that a State, proceeding under its powers of escheat, can establish itself as a "claimant entitled to any such money" within the meaning of the above quoted provision. In United States v. Klein, 303 U.S. 276, 58 S.Ct. 536 (1938), the State of Pennsylvania, proceeding under the escheat statute of that state, obtained a judgment in a state court declaring the escheat of funds in the custody of a federal district court sitting in the State and authorizing the State to apply to the Federal District Court for the monies. The United States opposed the State in the trial court and appealed from an adverse judgment to the State Supreme Court, where the judgment of the trial court was affirmed, and thence to the United States Supreme Court, where the judgment was again affirmed.

Speaking for the court, Mr. Justice Stone said:

"The question for decision is whether statutes of the Commonwealth of Pennsylvania, Purdon's Penn. Statutes, Tit. 27, Sec. 41, 45, 282, 334, are unconstitutional because they authorize interference with a federal court and an invasion of the sovereignty of the United States, in so far as they purport to confer jurisdiction on a state tribunal to declare the escheat of moneys deposited in the registry of the federal court and later covered into the Treasury of the United States."

"While a federal court which has taken possession of property in the exercise of the judicial power conferred upon it by the Constitution and laws of the United States is said to acquire exclusive jurisdiction, the jurisdiction is exclusive only in so far as restriction of the power of other courts is necessary for the federal court's appropriate control and disposition of the property. Penn General Casualty Co. V. Pennsylvania ex rel. Schnader, 294 U.S. 189; see Leadville Coal Co. vs. McCreery, 141 U.S. 475, 477. Other courts having jurisdiction to adjudicate rights in the property do not, because the property is possessed by a federal court, lose power to render any judgment not in conflict with that court's authority to decide questions within its jurisdiction and to make effective such decisions by its control of the property. Penn General & Casualty Co. vs. Pennsylvania ex rel. Schnader, supra; see Heidritter v. Elizabeth Oil-Cloth Company, 112 U.S. 294, 304; cf. Buck v. Colbath, 3 Wall. 334, 342; Riehle v. Margolies, 279 U.S. 218. Similarly a federal court may make a like adjudication with

respect to property in the possession of a state court. Yonley v. Lavender, 21 Wall. 276; Byers v. McAuley, 149 U.S. 608, 620; Security Trust Co. v. Black River National Bank, 187 U.S. 211, 227; Waterman v. Canal-Louisiana Bank & T Co., 215 U.S. 33, 43-46; Commonwealth Trust Co. v. Bradford, 297 U.S. 613, 619; General Baking Company v. Harr, 300 U.S. 433.

"In this case jurisdiction was acquired by the district court, by reason of diversity of citizenship, to adjudicate the rights of the parties. That function performed, it now retains jurisdiction for the sole purpose of making disposition of the fund under its control, by ordering payment of it to the persons entitled as directed by the federal statute. Beyond whatever is needful and appropriate to the accomplishment of that end, the jurisdiction and possession of the federal district court does not operate to curtail the power which the State may constitutionally exercise over persons and property within its territory." (Emphasis Supplied.)

Subsequently Pennsylvania successfully petitioned the Federal District Court for the escheated monies and on appeal the judgment of court directing payment of the monies to the State was affirmed. United States v. Klein, 106 F.2d 213 (1939) cert. denied. 308 U.S. 618, 60 S.Ct. 295 (1939). In the opinion of the Third Circuit Court of Appeals it was said:

"United States v. Klein, supra, settled that Pennsylvania under its act, 27 P.S. Pa. sec. 41, 45, 282, 334, may constitutionally escheat unclaimed money deposited in the registry of a United States District Court in Pennsylvania and later covered into the United States Treasury under Section 996, Revised Statutes."

The fact that the particular funds in the custody of a federal court have been transferred beyond the state's territorial jurisdiction does not prevent the State from escheating the funds. United States v. Klein, supra; Application of People of New York, 138 F.Supp. 661 (S.D.N.Y. 1956).

While Texas' new statute on escheat, Article 3272a, does not expressly provide for petitioning and receiving the approval of a federal court after monies on deposit in such court have been reported and declared escheated to the state there is, in our opinion, nothing in the statute which would conflict with such procedure. For the purpose of reflecting this fact the pertinent portion of Section 4 (g) of our statute is quoted hereafter:

"If it appears to the Court that the property described in the petition has been actually abandoned, and that there is no person entitled to it, judgment shall be rendered declaring such property escheated and vesting the title thereto in the State of Texas. The judgment shall also direct the holder of the property so described, which has been actually abandoned and escheated and the title thereto vested in the State, to deliver such property immediately to the State Treasurer." (Emphasis Supplied.)

The relevant portion of Section 4 (h) provides:

"After the judgment of the Court vesting the title to such property in the State of Texas has become final, the Attorney General shall so certify to the State Treasurer." (Emphasis Supplied.)

We construe the phrase "after the judgment of the court vesting the title to such property in the State of Texas has become final" to mean after the judgment has become final in the sense that it is valid and enforceable.

We construe the phrase "the judgment shall also direct the holders . . . to deliver such property immediately to the State Treasurer" to mean as soon as legally possible.

Where an act is fairly susceptable of two constructions, one of which will impair the constitutionality of the act and the other of which will make the act of certain constitutionality the latter, according to well established rules of construction, will be adopted. 39 Tex.Jur. 206, Statutes, Sec. 3.

In Application of the People of New York, 138 F. Supp. 661 (S.D.N.Y. 1956) it was held that the fact that money is in the possession of a federal court does not in itself operate as a jurisdictional bar to the state's escheat proceeding. It was further held that as to moneys deposited in a federal court in bankruptcy proceedings, the federal bankruptcy law has not pre-empted the field so as to put such monies beyond the reach of the state for purposes of escheat. In that case an application of the State of New York for an order directing payment to it of funds deposited in bankruptcy proceedings in the federal court was denied on the ground that the State had not first obtained a decree of escheat in the State courts in conformity with the constitutional requirements of due notice. The conclusion which logically follows is that the federal court would have granted the application on a valid decree of escheat from the state court.

The following exerpt from the opinion in Application of the People of New York, supra, is worthy of notice:

"  . . . this is not the first time a state has sought a court order directing the withdrawal of such bankruptcy funds pursuant to its rights under judgment of escheat; this is, however, the first time the United States has contested such a withdrawal in this District. Granted that courts often overlook points not raised before them, but the cold fact is that federal judges have been granting such applications without indicating doubt as the states' jurisdiction to proceed in escheat."

Since the State has authority to escheat funds in the custody of a federal court; it follows that it has authority to require that such property be reported by officers

of such courts. The reporting constitutes considerably less interference with the property in the custody of the court than does the escheat thereof. The federal court does not abdicate its jurisdiction over the property by the act of reporting it. The state is in this respect, again, only exercising its "power over persons and property within its territory".

There is a special problem in regard to unclaimed moneys paid into Court in bankruptcy proceedings. Section 106 of Title 11 U.S.C.A. was amended in 1956 so as to provide that such moneys "shall not be subject to escheat under the laws of any state". Matter of Moneys Deposited In and Now Under the Control of the United States District Court for the Western District of Pennsylvania, 243 F.2d 443 (1957), points out that a serious question is presented as to the constitutional validity of this ban upon the escheat by States of unclaimed bankruptcy funds.

We do not in this opinion attempt to say whether or not in our judgment the Congress can permanently prohibit the States from escheating such funds where the owner thereof is unknown. We do hold that such funds must be reported. The report of unclaimed monies paid into the court in bankruptcy proceedings is patently not the escheat of such monies and does not unduly interfere with the custody and control of such funds by the Federal District Court.

## SUMMARY

Article 3272a applies to monies on deposit in the custody of Federal Courts and the statute is not unconstitutional by virtue of such fact.

Very truly yours,

WILL WILSON
Attorney General of Texas

BY Henry C. Braswell
Henry G. Braswell
Assistant Attorney General

HGB:afg

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Vernon Teofan
Coleman Gay
John Reeves
Morgan Nesbitt

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.