JOHN TOM ROSS, Appellant and Cross-Respondent, *v.* THE ESTATE OF JOE WESLEY WELLS, Respondent, and WESLEE WELLS SCHNEEHAGEN, Respondent and Cross-Appellant.

No. 9066

June 9, 1978                    579 P.2d 782

*Robert A. Grayson,* of Carson City, for Appellant and Cross-Respondent.

*James E. Ordowski,* of Las Vegas, for Respondent Estate of Joe Wesley Wells.

*Lionel Sawyer & Collins,* and *Charles H. McCrea, Jr.,* of Reno, for Respondent and Cross-Appellant.

## OPINION

By the Court, THOMPSON, J.:

Part of the final order settling the Estate of Joe Wells awarded attorney John Tom Ross a $5,000 fee for services benefiting the estate, and a $25,000 fee for representing the heir, Weslee Wells Schneehagen. The latter sum was to be paid from Weslee's distributive share. Ross has appealed. He contends that the $5,000 award is grossly inadequate. Moreover he urges that error occurred when the district court failed to honor a fee agreement obligating Weslee's mother to pay him $50,000 for representing Weslee. Weslee has cross-appealed. It is her contention that Ross' fee is not chargeable against her distributive

share since he was employed by her mother who agreed to pay his fee.

1. An attorney for a minor heir may be paid by the estate for services of value to the estate.[1] The district court found that attorney Ross had performed services of benefit to the estate and directed the estate to pay $5,000 for such services. Ross and his co-counsel, Carl Martillaro, had participated in an appeal brought to this court by Elizabeth Wells against the Bank of Las Vegas. That litigation resulted in the removal of the Bank of Las Vegas as executor of the Estate of Joe Wells, and in the nullification of a purported trust.

The records of this court reflect that Ross and Martillaro together had prepared and filed a nineteen-page brief. Martillaro argued the appeal. Ross claims to have devoted a minimum of 250 hours to that appeal. However, he did not keep time sheets. It is not at all certain how much time actually was spent by Ross in preparing his portion of the nineteen-page brief. In these circumstances we do not find an abuse of discretion by the trial court in failing to award Ross a larger fee than $5,000. Brunzell v. Golden Gate Nat'l Bank, 85 Nev. 345, 350, 455 P.2d 31 (1969). Neither do we perceive an abuse of discretion by the trial court in finding that the only services rendered by Ross of benefit to the estate were those in connection with the Bank of Las Vegas litigation.

2. Joe Wells died May 18, 1967. He was survived by his wife, Elizabeth, a minor son, Joe, and a minor daughter, Weslee. In September 1967 Elizabeth retained Carl Martillaro to represent the minor heirs. It is asserted that Elizabeth was to pay a $100,000 fee for such representation. Martillaro advised the court that his fee for representing the children would be paid by Elizabeth and not by the estate. In October 1967 John Tom Ross became associated with Marillaro to represent the minors. Ross advised the court that his authority to appear for the children was from their mother, Elizabeth. Weslee was a minor at that time. Elizabeth was never appointed by the court

---

[1]NRS 150.060(5):"Attorneys for minors, absent or nonresident heirs are entitled to compensation primarily out of the estate of the distributee so represented by him in such cases and to such extent as may be determined by the court, but if the court finds that all or any part of the services performed by the attorney for the minors, absent or nonresident heirs were of value to the estate as such and not of value only to the minors, absent or nonresident heirs, then the court shall order that all or part of the attorney's fee be paid to the attorney out of the funds of the estate and it is a general administration expense of the estate. The amount of such fees shall be determined by the court."

to serve as Weslee's guardian. Neither was Ross court appointed to represent Weslee. Cf. In re Ray's Estate, 68 Nev. 492, 500, 236 P.2d 300 (1951); NRS 136.200.[2] Indeed, Ross did not petition for a court award of fees for his representation of Weslee. He petitioned only for an allowance for services he rendered benefiting the estate, a matter we already have addressed. With regard to his representation of Weslee, Ross apparently is willing to rely upon his alleged agreement with Elizabeth for his compensation. Weslee, as well, asks that Ross be compelled to secure compensation from Elizabeth since his authority to appear emanated from her. His fee, she asserts, should not be charged against her distributive share of the estate in these circumstances. We agree with this assertion.

No one is liable on a contract except a party or his assignee, or successor. Wells v. Bank of Nevada, 90 Nev. 192, 197, 522 P.2d 1014 (1974). Weslee was not a party, assignee or successor to any purported contract between her mother, Elizabeth, and either Martillaro or Ross, although a third-party beneficiary of that agreement. In such capacity Weslee is not liable for her mother's failure to pay. Neither may it successfully be asserted that Elizabeth, as Weslee's mother, was empowered to bind Weslee to pay counsel fees. Indeed, even had Elizabeth been appointed guardian of Weslee (which did not occur) and had employed Ross to represent Weslee, Ross would have to look to Elizabeth for payment of his fee. Sarman v. Goldwater, Taber and Hill, 80 Nev. 536, 396 P.2d 847 (1964).

The court found that in February 1973 Weslee, then being of age, accepted Ross as her attorney. It is asserted that this action was a novation obligating Weslee to pay Ross the fee that Elizabeth allegedly had agreed to pay. The intent of all parties to cause a novation must be clear. Zuni Constr. Co. v. Great Am. Ins. Co., 86 Nev. 364, 468 P.2d 980 (1970). There is no evidence in the record presented to us that Weslee promised Ross or Elizabeth that she would assume Elizabeth's fee obligation and that Elizabeth would be discharged therefrom. All of them testified. No one indicated that such an understanding was reached.

Other claimed errors are without substance. Since it is clear that Ross advised the court that his authority to appear for Weslee came from Elizabeth and that he would look to her for

---

[2]NRS 136.200(1): ''Whenever a will is offered for probate and it appears there are minors, or if it appears there are other persons interested in the estate but who reside out of the county and are unrepresented, the court may, whether there is a contest or not, appoint an attorney for such minors or other persons.''

318

compensation and, indeed, did not request fees for his representation of Weslee, we think it was error for the court to award him a fee payable from Weslee's distributive share of the estate.

The order awarding Ross a fee of $5,000 for his services benefiting the estate is affirmed. The order awarding Ross a fee of $25,000 for his representation of Weslee to be paid out of her distributive share of the estate is reversed.

BATJER, C. J., and MOWBRAY, GUNDERSON, and MANOUKIAN, JJ., concur.