[S. F. No. 685.   Department Two.—July 10, 1897.]

IN THE MATTER OF THE ESTATE OF SOLOMON HEY-
DENFELDT, DECEASED.

APPEAL— ESTATE OF DECEASED PERSONS — ORDER FOR REDEMPTION FROM
    FORECLOSURE.—The executors of the last will of a deceased person are
    " parties aggrieved" by an order of the probate court requiring them,
    in pursuance of the terms of the will, to redeem certain land from a
    foreclosure sale, and as such are entitled to appeal from the order.
ID.—EVIDENCE AS TO UNPRODUCTIVE PROPERTY—FINDING.—The evidence
    held to justify the finding that there was sufficient unproductive prop-
    erty belonging to the estate to pay the mortgage referred to, and di-
    rected to be paid by the will.

APPEAL from an order of the Superior Court of the City and County of San Francisco directing the executors of the will of a deceased person to redeem certain land from a foreclosure sale.   J. V. COFFEY, Judge.

The facts are stated in the opinion of the court.

*Evans & Meredith,* and *Hillyer & Jacobs,* for Appellant.

*T. M. Osmont,* for Respondent.

Temple, J.—This appeal is by the executors from an order of the probate court requiring them to redeem certain land from a foreclosure sale.

The testator, some time prior to his death, had executed deeds which he delivered to Charles Ashton, to be delivered to the parties named upon his death. In his will he recognized and confirmed these deeds as a provision made for certain of his children who were the grantees named in the deeds. He also provided that his debts should be paid out of his unproductive property.

Before he made and delivered the above deeds to Ashton, and before the making of the will, he had mortgaged portions of the property described in some of the deeds to secure an indebtedness of his own, amounting to about forty thousand dollars. Upon a former appeal (*Estate of Heydenfeldt*, 106 Cal. 434), we held that it was the intent of the testator to exonerate the mortgaged property to the extent of his unproductive property, or, at least, that these mortgage debts were part of the indebtedness which he directed his executors to pay from that property.

The respondent moves to dismiss the appeal on the ground that the executors are not parties aggrieved. The motion is based upon a line of decisions beginning with *Bates* v. *Ryberg*, 40 Cal. 463. It was there said: " The heirs and devisees or legatees interested in an estate are made parties to the proceedings for a distribution; any one of them feeling aggrieved may appeal from the final order. The executor, however, does not represent any of these parties, as against the others, and if they are satisfied with the distribution, he cannot complain because some have received less than they are entitled to. He cannot litigate the claims of one set of legatees as against the others at the expense of the estate."

I think there has been a disposition to carry the doctrine of that case beyond its legitimate scope, and further than it should be carried on principle. An

administrator, or an executor, is a trustee of an express
trust.   He is authorized to sue or to be sued without
joining with him the beneficiaries of the trust, but the
suits which may thus be brought are suits affecting the
trust, and not those in which he is individually inter-
ested.   Among his beneficiaries are creditors.   He not
only may, but it is his duty to, defend the estate from
all unjust and illegal attacks made upon it which affect
the interests of heirs, devisees, legatees, or creditors.
He cannot be kept out of such litigation upon the claim
that he is not personally injured.   In fact, if that were
the nature of his grievance, he ought not to litigate at
the expense of the estate.   When, however, he has ad-
ministered the estate, and under the statute has called
all parties interested into court by a proper notice and
petition, his only remaining duty is to deliver the estate
over to those designated by the court.

The administration has then served its purpose, and
the claimants, including creditors, are specially notified
and called into court.   They are then to protect their
own rights, and it is no part of the duty of the admin-
istrator to decide between them.   If he were to take
sides with one claimant as against another, and his views
were not sustained, it would result that he has been
making an assault upon the estate of his real beneficiary
at his expense and in the interest of the spoiler.

I cannot see that it matters that a claim is made
against the estate under the will or by one who claims
to be an heir, or a part of the family of the deceased,
and as such entitled to an allowance.   If it may dimin-
ish the estate to be finally distributed, or may make the
fund from which the creditors are to be paid insufficient
for that purpose, the administrator is interested, and in
the event of an adverse ruling is a party aggrieved.   In-
deed, although it has been held that the persons who
are likely to be distributees may be heard in some mat-
ters pending the administration, yet no doubt the log-
ical conclusion would be that the administrator is

specially intrusted with the duty and power to defend. the rights of all beneficiaries until distribution.

The case of *Roach* v. *Coffey*, 73 Cal. 281, is in strict accord with these views. That was really a special proceeding in the distribution of an estate. In some cases the rule laid down in *Bates* v. *Ryberg*, *supra*, has been carelessly applied, but I think the court has never intended to push that doctrine beyond the limits above defined.

The motion to dismiss is denied.

There was an appeal to this court from a former order refusing to direct the executors to pay the mortgage debt which has since been foreclosed, and under which foreclosure the petitioner's property was sold. (See *Estate of Heydenfeldt, supra.*)

This court reversed the order refusing to order the executors to pay the mortgage debt. It then became necessary to ascertain the rights of the parties under the will of Solomon Heydenfeldt, and in so doing all the questions here involved were presented and were passed upon except that which is presented as to whether, upon the evidence, the court was justified in finding that there was sufficient unproductive property to enable the executors to redeem the mortgaged premises. The order appealed from was made to carry into effect the judgment rendered by this court. The only question that can properly be raised is whether the order was warranted by the judgment of this court.

If the supposed defect in the deed from Heydenfeldt would be a reason for denying the relief asked for now, it was equally a reason for denying the relief asked for in the former proceeding, and so in regard to the alleged nondelivery of the deed. All the facts were then in the record affecting the questions which are in this record; and if this were not so these questions could not now be raised. No supposed errors in the judgment rendered here can be raised in a proceeding to enforce it in the court below.

And certainly the eminent counsel who presented

this appeal knew that it was not proper to resist the execution of a judgment of this court on the ground that the judgment was reached through a misapprehension of the facts presented in the record. The attention of this court was called to the alleged mistakes in a petition for a rehearing, and this court determined that there was nothing in the claim which called for a reconsideration of the case.

The only question presented on this record which can be deemed an open one is whether the evidence justified the finding that there was sufficient unproductive property to pay the mortgage debt. The court so found, and I think the evidence justified the finding. It is not a very easy question to decide, for it involves a determination of the question as to what is unproductive property. The appellants have had about six years to perform this trust. An unusual amount of litigation will no doubt excuse some delay, but, since the decision of this court as to their duty, the delay may be held almost contumacious. It would require, under any circumstances, a pretty clear showing to justify us in deciding that the probate court has abused its discretion; and considering the nice questions of fact to. be determined, it would be a task of unusual difficulty in this case. I cannot say from the evidence that appellants have not sufficient funds to enable them to redeem the premises belonging to the petitioner, and surely there is sufficient unproductive property in their hands to enable them to redeem all.

The order is affirmed.

McFARLAND, J., and HENSHAW, J., concurred.

Hearing in Bank denied.