[Sac. No. 1707. Department One.—August 30, 1909.]

In the Matter of the Estate of MILTON S. SNOWBALL, Deceased; LEUTIE C. SNOWBALL, Appellant.

ESTATE OF DECEASED PERSON—FAMILY ALLOWANCE—EXECUTRIX MAY APPEAL FROM ORDER GRANTING.—An executrix is technically a party aggrieved by an order granting a family allowance, and as such has a right to maintain an appeal therefrom.

ID.—APPLICATION FOR ALLOWANCE FOR MINOR CHILDREN—APPOINTMENT OF GUARDIAN AD LITEM.—An application to obtain a family allowance for minor children from the estate of a deceased person is a "proceeding" in a "case," within the meaning of section 372 of the Code of Civil Procedure, authorizing the appointment of a guardian *ad litem* in any case, where it is deemed by the court in which the action or proceeding is prosecuted, or by a judge thereof, expedient to represent the infant in the action or proceeding.

ID.—ORDER FOR ALLOWANCE—ANY PERSON MAY PETITION FOR—COURT MAY GRANT WITHOUT PETITION.—An application for such an allowance may be made on the petition of any person on behalf of the children, or an order therefor may be made by the court of its own motion, without a petition from any person. Consequently, on the

hearing of such application, it is immaterial whether a guardian *ad litem* was appointed or not, and proof of such order was useless and harmless.

ID.—EXEMPT PROPERTY AND HOMESTEAD NEED NOT BE SET ASIDE.—It is not essential to the validity of a family allowance that the exempt property and a homestead should have been set apart for the use of the family.

ID.—CROSS-EXAMINATION OF MOTHER OF CHILDREN—QUESTIONS DESIGNED TO SHOW MOTHER'S POVERTY.—On an application for a family allowance for minor children, instituted by their mother as their guardian *ad litem*, after she had testified that the children were in her custody and that twenty dollars a month for each child would be a reasonable sum for their support, it is not proper cross-examination to question the mother for the purpose of showing her poverty. Such questions are immaterial from the standpoint of one endeavoring to reduce the allowance.

ID.—UNJUSTIFIABLE APPEAL BY EXECUTRIX—DAMAGES FOR FRIVOLOUS APPEAL.—Where an estate of a deceased person is of the net value of $11,500, and was given by the testator's will to his two minor children, the executrix is not justified in appealing from an order awarding a family allowance of twenty dollars a month to each child. Such an order will be affirmed on appeal, with damages against the executrix personally, and no allowance should be made to her, or to her attorney, out of the estate, for services or expenses in connection with the appeal.

APPEAL from an order of the Superior Court of Yolo County granting a family allowance. E. E. Gaddis, Judge.

The facts are stated in the opinion of the court.

R. H. Countryman, for Appellant.

Arthur C. Huston, and Harry L. Huston, for Respondent.

SHAW, J.—This is an appeal by Leutie C. Snowball, in her own behalf, and also in her capacity as executrix of the estate of Milton S. Snowball, deceased, from an order of the superior court making a family allowance to the two minor children of 'said deceased.

The order in question directed the executrix to pay to said children, or to the guardian of their estates, the sum of forty dollars per month for their support and maintenance during the administration of the estate, and until further order. The two children, Carmen and Aldanita Snowball, are respectively seven and nine years of age. The estate is of the probable

value of about twelve thousand dollars, and by the terms of the will of the deceased it is all given to the two children, but is to be held during their minority in trust for their use, by Leutie C. Snowball, who is their aunt. The estate is. not indebted except to the amount of five hundred dollars.

The appellant, in her own behalf, has no sufficient interest in the matter at issue to entitle her to maintain an appeal. She has no personal interest in the estate and hence she is not a party aggrieved. As executrix she has, abstractly speaking, a duty to perform in protecting the estate from depletion by an extravagant family allowance. She is therefore, as executrix, technically a party aggrieved, and as such she has a right to maintain the appeal. It is difficult, however, to deduce from this duty a sufficient motive for taking an appeal from an order allowing forty dollars a month for the support of two small children, out of an estate of twelve thousand dollars, all of which belongs to them. The order was made on the petition of Mrs. Winnette Squires, the mother of the children. Before filing the petition, she obtained an order appointing herself as guardian *ad litem* of the minors for that purpose. This was alleged in the petition and denied in the answer thereto. Upon the hearing, the order appointing her guardian *ad litem* was admitted in evidence over the appellant's objection. This is assigned as error, the objection being that there is no legal authority for appointing a guardian *ad litem* to carry on such proceedings in behalf of minors. The objection is without merit. "A guardian *ad litem* may be appointed in any case, when it is deemed by the court in which the action or proceeding is prosecuted, or by a judge thereof, expedient to represent the infant, . . . in the action or proceeding." (Code Civ. Proc., sec. 372.)    An application to obtain a family allowance is a "proceeding" and a "case" within the meaning of this provision. Although not necessary to do so, it may be expedient, and it is within the discretion of the court to appoint a guardian *ad litem* for that purpose. The objection is immaterial for another reason. The court may make such order of its own motion, without a petition from any person. (*Leach* v. *Pierce*, 93 Cal. 619, [29 Pac. 235] ; Code Civ. Proc., secs. 1465, 1466.) It could be made on the petition of any person on behalf of the children. (*Estate of Garrity*, 108 Cal. 468, [38 Pac. 628, 41 Pac. 485].) It was therefore immaterial

whether a guardian *ad litem* was appointed or not and the proof of the order was useless and harmless.

Appellant indirectly suggests that a family allowance cannot be made until after the exempt property and a homestead has been set apart for the use of the family. The point is settled to the contrary of this contention. (*Estate of Garrity,* 108 Cal. 467, [38 Pac. 629].)

The mother of the children testified in their behalf, that she was their mother, that they were, at the time, in her custody, and that twenty dollars a month for each child would be a reasonable sum for their support. On cross-examination the witness was asked whether the children went to school before they were in her custody, how much per month her present husband earned, whether he had not been for a year past incapacitated from earning anything, whether he was able to support the children, whether he had received them in his family, or had consented to her custody of them, whether she had not been assisted by friends, whether she had supported the children herself, how she had been herself supported for the past year, and whether she had not abandoned the children in 1904 and again taken them into custody in February, 1908. The rulings of the court sustaining objections to these questions were correct. The questions were not proper cross-examination. Inasmuch as the money allowed, by the terms of the order appealed from, must necessarily be paid to the guardian of the children, or for necessaries for their use, and not to the guardian *ad litem,* the fact of the mother's poverty, suggested by the questions, was utterly immaterial, at least from the standpoint of one who apparently desired to reduce the allowance. Where the mother is properly in custody of the children, such poverty might be taken into consideration as a circumstance from which the allowance might be increased where the children were so young as to require some one to care for them, as is the case here.

If, as counsel suggests, the mother has also been appointed general guardian of the children, she will be under bond and subject to the direction and supervision of the court in the expenditure of any moneys she may receive on their account, and it must be presumed that it will be used for the children's benefit and not for her own personal behoof. The children

are the interested persons. The appellant was allowed to make all proper inquiry as to their necessities. The court did not err in compelling appellant's counsel to cease useless inquiry into the minute details of the cost of clothing previously supplied to the children. More than sufficient latitude was given him on that subject.

We do not find any question in the record of sufficient importance to have justified the executrix in going to the expense of taking this appeal. Personally, she had no right of appeal. No allowance should be made to her, or to her attorney, out of the estate, for services or expenses in connection with the appeal. It is a proper case for the imposition of damages.

The order appealed from is affirmed, and fifty dollars as damages is awarded in favor of the said children against the appellant, personally, to be paid to their general guardian.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.

On the twenty-seventh day of September, 1909, the court, in Department, filed the following opinion:—

THE COURT.—In the opinion filed herein August 30, 1909, it is said that Leutie C. Snowball has no interest in the estate sufficient to entitle her, in her own right, to maintain an appeal, and that her appeal as executrix was the only one to be considered. Under the facts as stated in the briefs and apparently conceded by the appellant, this was correct. Since the filing of the opinion, our attention has been called to the fact, shown by the record, that the will of the deceased gives her a contingent remainder in one half of the estate, to become absolute only in the event that the two children should both die childless before reaching the age of twenty-one years. The point is of no importance to the case. Her personal interest adds nothing to the merits of the appeal and presents no additional points for consideration. We make the correction merely to avoid any prejudice to her from the inaccurate statement, in the event of her contingent interest becoming absolute in the future.