## JANUARY TERM, 1921

[No. 2462]

IN THE MATTER OF THE ESTATE OF CHARLES F.
. FORNEY, DECEASED.

[194 Pac. 331]

1. EXECUTORS AND ADMINISTRATORS—ORDER FIXING FEES OF PUBLIC
ADMINISTRATOR WITHOUT NOTICE HELD CONCLUSIVE.
An order in administration proceedings, without notice to
or knowledge of the public administrator or. his counsel fixing
their fees, was conclusive upon them.

2. EXECUTORS AND ADMINISTRATORS — PUBLIC ADMINISTRATOR HAS
RIGHT TO APPEAL FROM DECREE OF DISTRIBUTION NOT AUTHOR-
IZED BY LAW.
If the court in the exercise of its probate jurisdiction in the
matter of the distribution of personalty was not authorized by
law to order a public administrator to deliver money to
claimants because the property was legally situated at the
domicile of the intestate in another state, the administrator
had a perfect right to appeal from such an order to have the
decision and decree examined into before complying with the
order.

3. EXECUTORS AND ADMINISTRATORS—PROBATE COURT HAS AUTHOR-
ITY TO DISTRIBUTE FUNDS LEGALLY SITUATED IN FOREIGN STATE.
Court in the exercise of its probate jurisdiction has authority
to distribute a fund having its legal situs in another state,
but can only do so in accordance with the provisions of the
law of such foreign state.

4. EXECUTORS AND ADMINISTRATORS — PUBLIC ADMINISTRATOR HAD
RIGHT TO APPEAL FROM UNAUTHORIZED DECREE OF DISTRIBUTION.
A court acting in the exercise of its probate jurisdiction
which decreed under the lex situs a distribution of personalty

legally situated at the domicile of the intestate in another state, exceeded its jurisdiction, and the public administrator holding such funds had the right for his own protection to litigate the court's power and authority to compel him to do something which the prohibitions of the law of the domicile precluded the court from doing, and could appeal from the decree.

5. EXECUTORS AND ADMINISTRATORS—UNAUTHORIZED DECREE OF DISTRIBUTION AFFORDS AN ADMINISTRATOR NO PROTECTION.

An order of distribution of personalty legally situated at the domicile of the intestate in another state under the lex situs in a manner prohibited by the lex domicilii would afford the administrator no protection whatever in distributing the property according to its terms.

6. EXECUTORS AND ADMINISTRATORS—PUBLIC ADMINISTRATOR HELD ENTITLED TO COUNSEL FEES ON APPEAL FROM ORDER OF DISTRIBUTION.

Public administrator on appeal from a decree of distribution of property legally situated at the domicile of the intestate in another state under the lex situs and contrary to the law of the domicile is entitled to counsel fees for services of an attorney upon such appeal; the decree of distribution being one which the court had no authority to render.

APPEAL from Second Judicial District Court, Washoe County; *Edward F. Lunsford,* Judge.

In the Matter of the Estate of Charles F. Forney, deceased. From decisions of the court concerning compensation, the administrator appeals. **Order disallowing counsel fees reversed. Petition for rehearing denied.**

*Sardis Summerfield,* for Appellant:

The primary error upon which this appeal is based is the refusal of the lower court to permit the attorney for the administration and the administrator to show by evidence the character and extent of their services, rendered after the same had been passed upon in that court without notice to or knowledge of the administrator or his attorney.

The second error relied upon is the ruling, decision, and decree or judgment of the lower court holding that the administrator had no appealable interest in the former appeal, and that therefore his attorney's services in this court in that appeal were those of a volunteer, for which he is entitled to no compensation.

The ordinary rule is that an administrator has no appealable interest in contesting decrees distributing estates of deceased persons. It is, however, subject to exception when the reasons upon which it rests do not exist. One exception is where the administrator has a personal interest in the estate itself. In Re Welch, 39 Pac. 805.

The expenses of administration, which include a reasonable allowance for the services of the administrator and of his attorney, are not only recognized by the law, but are given an actual preference over general creditors of the deceased. "He not only may, but it is his duty to, defend the estate from all unjust and illegal attacks upon it which affect the interests of heirs, devisees, legatees, or creditors. He cannot be kept out of such litigation upon the claim that he is not personally interested." In Re Heydenfeldt, 117 Cal. 552.

In appealing formerly, appellant resisted an attack upon the estate by a spurious claimant, in the primary interest of all of the true heirs. This he had a right to do. Ruch v. Bierry, 110 Ind. 444; In Re Koch, 4 Rawle, 268; 18 Cyc. 656.

An administrator and his attorney are certainly interested in proper compensation being allowed for their services. "Any person interested in, affected by, and aggrieved at the decision and decree of the district court * * * may appeal." Rev. Laws, 6112. "When the right to appeal exists, it may be exercised by any person, whether a party to the record or not, who is aggrieved by the judgment or decree pronounced by the probate court. This is usually expressed in the statute; but whether so or not, courts universally hold this doctrine." 2 Woerner, Am. Law. Adm., 2d ed. sec. 544; Deering v. Adams, 34 Me. 41.

The lower court upon the first hearing fixed the fees of the administrator and his attorneys and decreed distribution of the estate. Such action did not affect the right of appeal from either of said orders. In Re Delaney's Estate, 42 Pac. 981. "As administrator he

has an appealable interest." In Re Sullivan's Estate, 94 Pac. 487.

*L. B. Fowler*, Attorney-General, for Respondent:

On the former appeal the administrator and his attorney had no appealable interest; they were mere volunteers.

May an administrator, without any interest in a distributive fund, appeal from a decree of distribution, for any reason, because he may be dissatisfied with the order of the court distributing in a particular way or to a particular distributee the fund in which he has no interest? The rule is elementary that in such a case the administrator is not a party aggrieved and may not appeal, his duty being to obey the order of the court in distributing the fund. Rev. Laws, 6112, 6133; Bates v. Ryberg, 49 Cal. 550; Merrifield v. Longmire, 66 Cal. 186; Goldtree v. Thompson, 83 Cal. 420; In Re Dewar's Estate, 25 Pac. 1025; Roach v. Coffey, 73 Cal. 281. "The rule as declared by these cases does not admit of question. It is a sound proposition that administrators, * * * like receivers and other trustees or custodians of funds, have designated purposes, are not ordinarily affected by orders in reference to their disposition, and therefore will not be heard to appeal from such orders." In Re Welch, 39 Pac. 805.

The testimony referred to was properly excluded. The lower court properly held conclusive its former ruling fixing compensation of the administrator and his attorney. The former record shows that the only matter attacked on motion for a new trial and on appeal therein, both by the state and the administrator, was the distribution of the fund to Gladys Pohl, the Indian girl. The matter of attorney's fees was by each of the appealing parties absolutely ignored (see Record on Appeal). The administrator and his attorney made no objection to the allowance of compensation on the former motion for a new trial and the former appeal. They therefore waived the same and are now estopped from urging the

point. Fixing of compensation was not made without notice to or knowledge of the appellant or his counsel. Counsel is judicially concluded by the record. The various orders and decrees recite the fact of notice of the hearing having been duly given, which makes the matter finally and judicially established, and subject to attack only by new trial and direct appeal, and not collaterally. These principles are elementary.

By the Court, SANDERS, C. J.:

1. This is the administrator's second appeal in the matter of this estate. He bases his present appeal upon two assignments of error: First, that the court erred in holding and in ruling that an order made and entered in the original administration proceedings, without notice to or knowledge of the appellant or his counsel, fixing their fees, was conclusive upon them. Second, the court erred in holding and in ruling that the services rendered by appellant's attorney upon the former appeal were those of a volunteer, for which he is entitled to no compensation.

The first assignment of error is without merit.

The second assignment involves the question whether W. E. Pruett, as public administrator of the estate of Charles F. Forney, deceased, had such an appealable interest in the matter determined by the decree of distribution of said estate as entitled his attorney to compensation for his services rendered therein. For the determination of this question it is unnecessary to review the merits of the former appeal, or to discuss the facts upon which the decision is based. 43 Nev. 227, 184 Pac. 206, 186 Pac. 678. It is sufficient for the purposes of this appeal to determine whether the administrator's only remaining duty, in the particular case made upon the former appeal, was to deliver the moneys of the estate over to the person designated by the lower court.

2. In Re Heydenfeldt, 117 Cal. 551, 49 Pac. 713, it is held that an administrator can appeal in general, unless "his only remaining duty is to deliver the estate over to

those designated by the court." Tested by this rule, if the lower court, in the exercise of its probate jurisdiction in the matter of the distribution of the personalty of the estate of Charles F. Forney, deceased, was not authorized by law to order the administrator to deliver the moneys of the estate over to the distributee claimant, because of her incapacity to succeed, and because the property was legally situated at the domicile of the intestate, to wit, California, the administrator had a perfect right to have the decision and decree examined into on appeal before complying with the court's order.

3. The decision upon the former appeal, supplemented by the opinion upon petition for rehearing (43 Nev. 227, 186 Pac. 678) is to the effect that, while the lower court had jurisdiction over the claimant and the subject-matter, it was not clothed with legal authority to distribute the personalty of the intestate in the particular case under the lex situs. The lower court had authority to distribute the fund, but it could only do so in accordance with the provisions of the lex domicilii. The court also decided that the illegitimate child of the intestate, claiming the right to succession, must establish her right by the law of the domicile.

4. The provisions and prohibitions of the law of the domicile were conclusive upon the court. Therefore it not only erred, but exceeded its jurisdiction in distributing the fund of the estate under the lex situs, and the administrator had the right, for his own protection, to litigate the court's power and authority to compel him to do something which the prohibitions of the law of the domicile precluded the court from doing.

In the exhaustive and able opinion of Justice Bonnifield, in the Matter of Foley's Estate, 24 Nev. 197, 51 Pac. 834, the court applied a rule applicable to the particular case upon the former appeal in the Matter of Forney's Estate, namely:

" 'The court may have jurisdiction of the subject-matter, and of the parties, and yet the particular judgment rendered in the particular case may be void

because in excess of the jurisdiction of the court. The judgment rendered must be one that is authorized by law in the class of cases to which the case before the court belongs.' Works on Jurisdiction of Courts, sec. 8.

"A judgment may be both erroneous and void. Id."

5. We concede the lower court's jurisdiction, in Forney's estate, over the subject-matter and the heir claimant, but in rendering the particular judgment in the particular matter then before it, it exceeded its jurisdiction, and the administrator was an aggrieved party, in the sense that he was not required by law to do an act which the court was not authorized by law to order him to do. Uninfluenced by the fact that the fund of the estate was liable to escheat to the State of Nevada, the court's order afforded the administrator no protection whatever, and he was therefore entitled to prosecute his appeal.

6. We concede that an estate cannot be held liable for counsel fees arising out of litigation between the beneficiaries thereof among themselves, or in the protection of the interests of particular persons, for such expense is properly chargeable to the interest or persons specially benefited. Am. Law of Adm. (2d. ed.) sec. 516. But we are unable to perceive in what respect this rule has any bearing upon or application to the class of cases to which the case made upon the former appeal belongs.

Entertaining these views, it follows that the court erred in holding and ruling that the services of the administrator's attorney upon the former appeal were those of a volunteer, for which he is entitled to no compensation.

The order disallowing the application of the administrator for counsel fees for his attorney's services rendered upon the former appeal is reversed.

## ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.