32 Cal.2d 367 (1948)
Estate of DOROTHY WALKER KESSLER, Deceased. C. M. LINTON, as Guardian Ad Litem, etc., Respondent,
v.
FRED WALKER et al., Appellants.
L. A. No. 20413. 
Supreme Court of California. In Bank. 
Aug. 10, 1948.
 Boller, Suttner & Boller and Thomas R. Suttner for Appellants.
 C. M. Linton, in pro. per., and Leon W. Delbridge for Respondent.
 TRAYNOR, J.
 Dorothy W. Kessler died on April 16, 1946, leaving a will in which she named her father and mother, Fred and Lulu Walker, executors and trustees of her estate. The sole beneficiary of the will and testamentary trust was Karen Dee Kessler, the infant daughter of the testatrix. The admission of the will to probate was contested by the husband of the testatrix. Respondent, an attorney at law, was appointed guardian ad litem of the infant and participated in the settlement of the contest. The will was admitted to probate, and Mr. and Mrs. Walker were appointed executors of the estate. Respondent petitioned the probate court for attorney's fees to be paid out of the estate for his services for the benefit of the infant in the settlement of the will contest and the court entered an order directing the executors to pay him $3,500. The executors appeal from this order.
 Respondent contends that the appeal should be dismissed on the grounds that the order directing the payment of fees is not an appealable order, and that the appellants are not "aggrieved" parties entitled to maintain an appeal under section 938 of the Code of Civil Procedure, which provides: *369 "Any party aggrieved may appeal in the cases prescribed in this title."
 [1] Section 1240 of the Probate Code provides: "An appeal may be taken to the supreme court from an order ... instructing or directing an executor or administrator; directing or allowing the payment of a debt, claim, legacy or attorney's fee. ..." The order directing the allowance of attorney's fees to respondent is clearly an appealable order within the meaning of this section. (See Estate of Mitchell, 20 Cal.2d 48, 50 [123 P.2d 503]; Howaldt v. Superior Court, 18 Cal.2d 114, 116 [114 P.2d 333].)
 [2] The remaining question is whether the executors are entitled as "aggrieved" parties to maintain the appeal. It is generally recognized that executors and administrators acting in their representative capacities are indifferent persons as between the real parties in interest and consequently cannot litigate the conflicting claims of heirs or legatees at the expense of the estate. (Bates v. Ryberg, 40 Cal. 463, 465; Roach v. Coffey, 73 Cal. 281, 282 [14 P. 840]; Estate of Ross, 179 Cal. 358, 360 [182 P. 303]; McCabe v. Healy, 138 Cal. 81, 90 [70 P. 1008].) Thus, an executor or administrator is not an "aggrieved" party entitled to appeal from a decree of distribution determining the share of each of the various claimants in the estate of a decedent. (Bates v. Ryberg, supra; Estate of Marrey, 65 Cal. 287 [3 P. 896]; Estate of Williams, 122 Cal. 76, 77 [54 P. 386]; Estate of Ayers, 175 Cal. 187, 188 [165 P. 528]; Estate of Babb, 200 Cal. 252, 255 [252 P. 1039]; Estate of Murphey, 7 Cal.2d 712, 716 [62 P.2d 374]; see cases collected in 117 A.L.R. 99, 100.) After the decree the administration has served its purpose, and the claims of the creditors have been protected. The beneficiaries must then protect their own rights, and it is not the duty of the executor or administrator to litigate the claims of one against another.
 [3] This rule, however, is not applicable here. "An administrator, or an executor, is a trustee of an express trust: He is authorized to sue or to be sued without joining with him the beneficiaries of the trust, but the suits which may thus be brought are suits affecting the trust, and not those in which he is individually interested. Among his beneficiaries are creditors. He not only may, but it is his duty to, defend the estate from all unjust and illegal attacks made upon it which affect the interests of heirs, devisees, legatees, or creditors." (In re Heydenfeldt, 117 Cal. 551, 553 [49 P. 713]; *370 see Estate of Freud, 131 Cal. 667, 671 [63 P. 1080, 82 Am.St.Rep. 407]; Estate of Smith, 118 Cal. 462, 466 [50 P. 701].) Consequently, if a claim "may diminish the estate to be finally distributed, or may make the fund from which the creditors are to be paid insufficient for that purpose, the administrator is interested, and in the event of an adverse ruling is a party aggrieved." (In re Heydenfeldt, supra at 553; Denison v. Jerome, 43 Colo. 456, 463 [96 P. 166]; Packer v. Overton, 200 Iowa 620, 622 [203 N.W. 307]; Herman v. Beck, 68 Neb. 566 [94 N.W. 512].) "To say that an administrator is not aggrieved, and, therefore, has no right of appeal from a decree which he deems to be unjust, unwarranted, and detrimental to the estate which has been confided to his care, would be to deny him the performance of a plain duty devolving upon him through his appointment and his acceptance of the trust." (Hall v. Burgess, 40 R.I. 314, 319 [100 A. 1013].)
 It has accordingly been held that an executor or administrator may appeal from a decree of partial distribution, because the assets of the estate may not be sufficient to discharge the claims of creditors (Estate of Murphy, 145 Cal. 464, 465 [78 P. 960]; see also Estate of Mitchell, 121 Cal. 391 [53 P. 810]; Estate of Kelley, 63 Cal. 106, 107) or because the status of the assets may be so highly uncertain that such an order may be embarrassing to the proper administration of the estate. (Estate of Colton, 164 Cal. 1, 5 [127 P. 643].) An executor or administrator may appeal from an order awarding a family allowance to the widow or children of the decedent, since he is an aggrieved party by virtue of his duty to protect the estate from depletion from an extravagant family allowance (Estate of Snowball, 156 Cal. 235, 237 [104 P. 446]; In re Welch, 106 Cal. 427, 429 [39 P. 805]; Agnew v. Agnew, 52 S.D. 472 [218 N.W. 633, 59 A.L.R. 1549]; Sturtevant v. Wentworth, 226 Mass. 459 [115 N.E. 927]; Rhode Island Hospital Trust Co. v. Hopkins, 38 R.I. 59, 71 [94 A. 724]); and an executor may also appeal from an order setting aside a probate homestead for the use of the surviving wife of the decedent. (Estate of Levy, 141 Cal. 646, 647 [75 P. 301, 99 Am.St.Rep. 92].)
 Goldtree v. Thompson, 83 Cal. 420, 422 [23 P. 383], on which respondent relies, is inconsistent with the foregoing California cases and must be regarded as overruled by them. In that case after the distribution of the property to the trustees of a testamentary trust by a decree of the proper court, the trustees brought an action to determine whether *371 the children of certain parties named in the will were entitled to the corpus of the property left in trust or only to the income therefrom. In that action the minors were represented by a guardian ad litem. Thereafter the trial court entered an order awarding fees to the guardian ad litem for services rendered in behalf of the minors and directed that such fees be paid out of the trust estate. The appeal by the trustees from this order was dismissed on the ground that the trustees were not aggrieved by the order. The court in that case relied primarily on the decisions relating solely to appeals by executors or administrators from decrees of final distribution. No mention was made of the principle later articulated in In re Heydenfeldt, supra, as to the fiduciary duty of a trustee to defend the trust estate against attacks upon it that he deems unjust or unwarranted.
 The payment of attorney's fees to the respondent will clearly diminish the assets of the estate, and may embarrass the proper administration of the estate. Such an allowance made during the course of administration and before the entry of a decree of final distribution may be extravagant or otherwise improper, and therefore improperly reduce the funds necessary for the payment of the claims of creditors, the usual costs of administration, or state inheritance and federal estate taxes. The order for the payment of attorney's fees to a guardian ad litem does not differ essentially from the order of a family allowance involved in Estate of Snowball, supra, or from the order setting aside a probate homestead considered in Estate of Levy, supra. The fundamental consideration in each case is the duty of the executor or administrator to protect the estate confided to his care from claims that he deems unwarranted and that may adversely affect the estate during its administration.
 The motion to dismiss the appeal is denied.
 Gibson, C.J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.