IN THE MATTER OF THE ESTATE OF CARL RAY,
DECEASED, RE: PETITION OF TRUMAN NYE.

No. 3666

June 27, 1951.                          233 P.2d 393.

*Jones, Wiener & Jones,* of Las Vegas, for Appellant.

*Hawkins & Cannon,* of Las Vegas, for Respondent.

## OPINION

By the Court, EATHER, J.:

This is a motion to dismiss an appeal from an order made and entered by the Eighth judicial district court of the State of Nevada, in and for the county of Clark, department No. 1 thereof, in the matter of the estate of Carl Ray, deceased, of date December 14, 1950, wherein the said court ordered "that the said Executors be, and they are hereby directed to pay to the Petitioner, Truman Nye, the sum of One hundred ($100) Dollars per month in accordance with the provisions of the Last Will and Testament of said deceased, Carl Ray, said payments to be made in a lump sum covering the period of time from the date of death of said deceased to the date hereof, at the rate of One hundred ($100) Dollars per month, and to be paid within ten days from this date; and

"IT IS HEREBY FURTHER ORDERED that said Executors thereafter continue the payment of One hundred ($100) Dollars per month, each and every month, to the said Truman Nye, until said estate is closed or until the further order of this Court."

To a full understanding of the matter under consideration a brief statement is necessary.

The deceased, Carl Ray, died on the 21st day of July, 1949, at Los Angeles, California. He left a will which was admitted to probate on October 17, 1949, in the Eighth judicial district court of the State of Nevada, in and for the county of Clark. The will named testator's widow, Ida Angelot Ray, and the testator's Los Angeles attorney, Paul Angelillo, as coexecutors. Letters testamentary were issued to these coexecutors, on October 17, 1949. Immediately they qualified and ever since have been acting as coexecutors of the estate.

The estate of the testator consisted principally of real estate. He left commercial property consisting of a business building in the downtown section of Las Vegas, Nevada, together with nominal amounts of cash in a

Las Vegas bank. He also left a home in Los Angeles, California, and some commercial real estate in Cheyenne, Wyoming.

Reference to testator's will reveals that the testator, after making several nominal gifts, left the residue and remainder of his estate, which consisted of the bulk of the estate, to three trustees, and he thereby provided for the creation of a trust, the principal purpose of which, according to the terms of his will, was to provide for the support and maintenance of his widow and minor child or children.

The will directed that the net income from the trust estate, commencing at the date of testator's death, should be divided into two equal parts and that the first half of such net income, but not less than $500 per month, should be paid to testator's widow and that the other half of said net income should be devoted to the payment of the sum of $100 per month for the support of testator's minor daughter, and the further sum of $100 per month during the term of this express trust to the testator's nephew, Truman Nye. The testator provided that the provisions of this trust should be carried out as to his wife and his minor daughter and his adopted son, which son, as a matter of fact, was never adopted. It appears that the testator, at the time of his death, intended to adopt a son but never in fact did so.

On December 4, 1950, Truman Nye petitioned the trial court for an order requiring the executors to pay forthwith to the petitioner the sum of $100 per month for each and every month beginning with the testator's death. The executors filed an answer to the petition, in which it is admitted that testator's will contained provisions for payments to Truman Nye.

The answer set up two affirmative defenses: first that the trust fund out of which said payments to Truman Nye were to be made had not yet been created, and that the executors had no authority under the terms of the will to make payments to Truman Nye out of the general funds of the estate or out of any other funds, and

that payments could be made by the trustees only. The other affirmative defense alleged that Truman Nye had forfeited his right, title, and interest in and to the bequest for having attacked and opposed the will. In regard to this latter defense the trial court found in favor of the petitioner Truman Nye.

The appeal is based solely upon the failure of the trial court to allow the executors' first affirmative defense and upon the trial court's order directing the executors to pay the bequest to Truman Nye out of the general funds of the estate, when in fact the trust fund had not as yet been created. The sole question presented upon this appeal then, is whether or not the trial court had authority under the terms of the will to direct the executors to pay a bequest to Truman Nye out of the general funds of the estate.

The attorneys for Ida Angelot Ray and Paul Angelillo, executors of the estate of Carl Ray, deceased, appealed from the decision and order directing the payments to Truman Nye.

This matter is now before the court on the motion of respondent, Truman Nye, to dismiss the appeal of Ida Angelot Ray and Paul Angelillo, coexecutors of the estate of Carl Ray, deceased.

The grounds for the motion are as follows:

(a) That said order so appealed from was not an appealable order; and

(b) That said executors, and each of them, may not appeal from such order even if it were an appealable order because they were not, nor was either of them, aggrieved, and only persons aggrieved by the said order were entitled to appeal therefrom.

It is the contention of the appellants that the law, with reference to the right of an executor or administrator to appeal, has been fairly definitely established in the State of Nevada and in other jurisdictions.

The first case cited by appellants is In Re Forney's Estate, 44 Nev. 279, 194 P. 331. The conclusion reached in the Forney case by this court constitutes no precedent to support the contention that the executors

in the Ray estate have an appealable interest in the matter to entitle them to maintain an appeal. The rule is elementary that an executor or administrator, without any interest in a distributive fund, is not a party aggrieved and may not appeal, his duty being to obey the order of the court in distributing the fund.

The appellant quotes from a decision rendered in the case of In Re Heydenfeldt's Estate, 117 Cal. 551, 49 P. 713, wherein it was held that "An administrator can appeal in general, unless 'his only remaining duty is to deliver the estate over to those designated by the court.' ".

The decision in the Heydenfeldt case was cited and explained in the very recent case of In Re Kessler's Estate, 32 Cal.2d 367, 196 P.2d 559, in which the court held that:

"Generally, an Executor or Administrator acting in his representative capacity, is an indifferent person as between real parties in interest and consequently cannot litigate conflicting claims of heirs or legatees at the expense of the estate, and hence cannot be an 'aggrieved' party entitled to appeal from a decree determining the share of each of the various claimants in the estate of decedent."

That case cites many authorities to support the holdings of other courts that "an executor or administrator is not an aggrieved party entitled to appeal from a decree of distribution determining the share of each of the various claimants in the estate of a decedent."

The appellant also cites the case of Esmeralda County v. Wildes, 36 Nev. 526, 137 P. 400, wherein it is quoted by the appellant from the said case as follows:

"(3) If the receiver had an appealable interest in the subject of the order, a question not involved on this motion, it was his duty to appeal from the adverse judgment rendered in a judicial proceeding tried as an ordinary adverse civil action. A receiver may appeal from any order affecting his proper duties or personal rights, or where the estate as a whole is interested."

36 Nev. on page 536, 137 P. on page 403, in the case of

Esmeralda County v. Wildes, supra, we also find the following statement of the law by the court:

"As we have already stated, there are instances in which the receiver may rightfully appeal from an order of the court of which he is the appointee, as, for instance, where his commissions or other allowances as trustee are affected by the order, or where he is interested in the fund to be distributed as a creditor, or where the question of the increase or diminution of the whole fund in his hands as trustee is involved, and such increase or diminution would inure to the benefit or loss of all the creditors.

"The order made by the lower court in this instance does not affect the receiver, for any of the reasons stated above. His commissions are not affected; he is not a creditor, and the order does not involve an increase or diminution of the estate, but, on the other hand, the matter resolves itself into a contest between creditors of the insolvent institution wherein one creditor seeks to have its claim preferred for payment as against all others. 'In such a case,' says the Supreme Court of Maryland, 'the trustee has no right to intervene, and it is not his duty to prolong the litigation. The creditors whose rights are affected are the proper persons to appeal.' "

We will not prolong this opinion by further discussion of the cases cited by the appellant. We have examined all of them and find them to be without merit in this particular case.

As the second ground set forth in the motion to dismiss is well taken, we need not discuss or pass upon the first. No one but an aggrieved party may appeal under our statutes.

Section 9385.57 N.C.L. provides:

"7. Any party aggrieved may appeal in any action, case or proceeding prescribed in this act. * * *"

Appeals are purely statutory. The question presented,

therefore, is whether the executors are aggrieved parties within the meaning of the quoted section.

"By the great weight of authority, an aggrieved party under statutes granting to such the right of appeal from an order or judgment, is one whose personal right is injuriously affected by the adjudication, or where the right of property is adversely affected or divested thereby." Kenney v. Hickey, 60 Nev. 187, 105 P.2d 192, and cases cited. * * *

"The rule generally adopted, * * * in construing statutes on this subject, is that a party is aggrieved by the judgment or decree when it operates on his rights of property or bears directly upon his interest. 2 Cyc. 633. The word 'aggrieved' refers to a substantial grievance, a denial of some personal or property right, or the imposition upon a party of a burden or obligation."

This statement of the general rule was approved by the court in Kondas v. Washoe County Bank, 50 Nev. 181, 254 P. 1080, and in Esmeralda County v. Wildes, 36 Nev. 526, 137 P. 400.

In the case of In Re Maher's Estate, 195 Wash. 126, 79 P.2d 984 at 986, 117 A.L.R. 91, the court stated:

"The general rule is that an administrator, as such, cannot appeal from a decree of distribution determining the persons who should receive an estate, either as heirs at law of the decedent or as distributees under a will." Citing cases.

"An administrator, who has no interest in the estate, cannot appeal as such from an order of distribution." In Re Dewar's Estate, 10 Mont. 422, 25 P. 1025.

Our finding on the motion to dismiss the appeal renders unnecessary a determination of the other questions presented.

The appeal should be dismissed.

It is so ordered.

BADT, C. J., and MERRILL, J., concur.