8

[Civ. No. 22013.   Second Dist., Div. Three.   Jan. 25, 1957.]

Estate of MARY ETHEL CUNNINGHAM, Deceased. RHODA ATKINS, as Administratrix With the Will Annexed, etc., Appellant, v. BEZOTRA BARNETT, Respondent.

Marshall Denton, Jr., for Appellant.

Schifferman & Schifferman, Arthur E. Schifferman and Robert P. Schifferman for Respondent.

VALLÉE, J.—Appeal from an order approving and confirming the report of an inheritance tax appraiser and fixing the inheritance tax.

Mary Ethel Cunningham died testate on March 19, 1955. Appellant Rhoda Atkins, a sister of the deceased, is administratrix with the will annexed. The deceased was a sister of respondent Bezotra Barnett. Eva E. George, another sister, predeceased Mary Ethel. Estella Cooper was a stranger to the deceased. Appellant's claim is that the order confirming the report of the inheritance tax appraiser and fixing the tax is predicated on an erroneous construction of the will of the deceased.

The material parts of the will read:

"SECOND. I give and bequeath to my sister, Eva E. George, all real estate in the City of Los Angeles, State of California; and in the County of Madera, State of California; and all other personal belongings.

"THIRD. If my sister, Eva E. George, precedes me in death, bequeath all of my real estate and personal belongings heretofore mentioned, to my sister Bezotra Barnett.

"FOURTH. I also provide a shelter in my home for Estella Cooper, for the rest of her life, free of any charge whatsoever.

"FIFTH. I have no children. If there are any bona fide relatives, I give and bequeath to them one ($1.00) dollar each.

"Lastly, I hereby nominate and appoint my sisters, Eva E. George and Bezotra Barnett of Los Angeles, State of California, to serve as my Executrices without bond, of this my Last Will and Testament, and I do hereby revoke all former Wills, bequests, or designations of beneficiaries whatsoever.''

An inheritance tax appraiser filed a report in which he valued the property bequeathed and devised to Bezotra at $7,254.64 and computed the inheritance tax thereon at $262.73. Bezotra filed objections to the report. Rhoda, as administratrix with the will annexed, filed a "Reply" to the objections. After a hearing the court made findings,[1] sustained the objections, and ordered the inheritance tax appraiser to prepare and file a new report and to apportion therein the inheritance tax liability in accordance with the findings. In the findings the court concluded that the interest devised to Estella Cooper by paragraph Fourth of the will constitutes an equitable charge or servitude on the realty and "nothing more"; and that paragraphs Second and Third constitute a residuary clause whereby the deceased gave to Bezotra all real and personal property not otherwise disposed of by the will.

Pursuant to the order the inheritance tax appraiser filed

---

[1] "The Court draws the following conclusions as to the proper construction and interpretation of the Will of said decedent, and hence as to the proper apportionment of inheritance tax liability:

"(a) The interest created in favor of Estella Cooper by paragraph FOURTH of the Will of the decedent is not one conferring the right of exclusive occupancy of the premises upon Estella Cooper, and does not constitute an estate for life in said property, contrary to the determination of the Inheritance Tax Appraiser to that effect; the interest created in favor of Estella Cooper by said paragraph constitutes an equitable charge or servitude upon said real property, and nothing more.

"(b) The language of paragraphs SECOND and THIRD of the Will of said decedent disposing of 'all other personal belongings' and real estate to the decedent's sister, objector herein, does not constitute a bequest of furniture, contrary to the determination of the Inheritance Tax Appraiser to that effect; said language constitutes a residuary clause in the Will of said decedent whereby the decedent intended to give to her sister, objector herein, all real and personal property owned by the decedent at her death, wheresoever located, not otherwise disposed of by the terms of said Will; accordingly, since said Will shows an intent on the part of said decedent to dispose of her entire estate, and to avoid intestacy, the determination by the Inheritance Tax Appraiser that decedent died intestate as to the cash comprising part of her estate, as well as the parcel of real property located in Riverside County, California, is erroneous; the determination of inheritance tax should be made by said Appraiser upon the basis that an equitable charge is imposed upon the parcel of real property located in Los Angeles County in favor of Estella Cooper, and that all of the rest, residue and remainder of the property comprising the estate of the decedent, whether real property, personal property, or mixed, and wheresoever located, should be taxed as being distributable to objector, Bezotra Barnett.

"(c) The language of paragraph FIFTH of the Will of said decedent: 'If there are any bona fide relatives, I give and bequeath to them one ($1.00) dollar each' was intended by the decedent to be a provision against contest of her Will, does not constitute a specific bequest or bequests, and should be ignored by the Inheritance Tax Appraiser in determining the tax liability."

a new report in which he valued the interest bequeathed and devised to Bezotra at $18,523.45 and computed the tax thereon at $826.17. Thereafter the court made an order approving and confirming the new report as presented and fixing the tax. The order recites "no objections thereto [the new report] having been filed herein." Rhoda, as administratrix with the will annexed and as "an heir and legatee," appeals from the latter order.

The first question is whether Rhoda has a right to appeal. Respondent Bezotra says she has no such right since she is not aggrieved by the order either in her representative capacity or as an heir or legatee. We think the point is not tenable. The first report of the inheritance tax appraiser set the amount of the tax due and payable on all transfers (Rev. & Tax. Code, § 14506) as $389.77; the new report, as $865.66, a difference of $475.89.

It is the duty of Rhoda, as administratrix, to " 'defend the estate from all unjust and illegal attacks made upon it which affect the interests of heirs, devisees, legatees, or creditors.' [Citations.] Consequently, if a claim 'may diminish the estate to be finally distributed, or may make the fund from which the creditors are to be paid insufficient for that purpose, the administrator is interested, and in the event of an adverse ruling is a party aggrieved.' [Citations.] 'To say that an administrator is not aggrieved, and, therefore, has no right of appeal from a decree which he deems to be unjust, unwarranted, and detrimental to the estate which has been confided to his care, would be to deny him the performance of a plain duty devolving upon him through his appointment and his acceptance of the trust.' [Citation.] It has accordingly been held that an executor or administrator may appeal from a decree of partial distribution, because the assets of the estate may not be sufficient to discharge the claims of creditors [citations] or because the status of the assets may be so highly uncertain that such an order may be embarrassing to the proper administration of the estate. [Citation.] An executor or administrator may appeal from an order awarding a family allowance to the widow or children of the decedent, since he is an aggrieved party by virtue of his duty to protect the estate from depletion from an extravagant family allowance [citations]; and an executor may also appeal from an order setting aside a probate homestead for the use of the surviving wife of the decedent." (*Estate of Kessler*, 32 Cal.2d 367, 369 [196 P.2d 559].)

Applying this law it is patent that Rhoda, as administratrix, is a party aggrieved and has a right of appeal.

Respondent contends Rhoda waived her right to appeal by not filing objections to the new report. She did not waive her right to appeal. (Rev. & Tax. Code, § 14671.)  The correct question is: Is she precluded on appeal from challenging the order by reason of her failure to file objections or object to the report in any fashion in the probate court?

On filing of the report of the inheritance tax appraiser the clerk must give notice of the filing by posting and by mailing a copy to the Controller and to each person chargeable with any tax who has appeared in the probate proceeding. (Rev. & Tax. Code, § 14508.)[2] At any time prior to the making of the order on the report any person interested may file a "written objection" to the report. (Rev. & Tax. Code, § 14510.) If an objection is filed the clerk must fix a time "for a hearing on the objection" and give notice of the hearing by posting and by mailing a copy of the objection and of the notice to "the Controller, executor, administrator, and the inheritance tax appraiser." (Rev. & Tax. Code, § 14511.)[3] Section 14512 reads:

"For the purpose of the hearing the report of the inheritance tax appraiser is presumed to be correct, and at the hearing it is the duty of the objector to proceed in support of his objection."

On the completion of the hearing the court may make such order as it may deem appropriate. (Rev. & Tax. Code, § 14513.) Section 14509 reads:

"If no objection to the report is filed prior to the expiration of 10 days from and after the posting and mailing of the notice, the superior court, a judge of the court, or, if the court is located in a county or city and county having a population of 900,000 or more, a court commissioner appointed by the

[2]Section 14508: "On the day that the report is filed, or on the next succeeding judicial day, the clerk of the superior court shall give notice of the filing to all persons interested by causing a notice to be posted at the courthouse in the county where the court holds its sessions, and shall mail a copy of the notice to the Controller and to each person chargeable with any tax in the report who has appeared in the probate proceeding."

[3]Section 14511: "If an objection is filed, the clerk of the superior court shall fix a time, not less than 10 days after the filing, for a hearing on the objection, and shall give notice of the hearing by posting a notice of hearing at the courthouse in the county where the court holds its sessions, and by forthwith mailing a copy to [of] the objection and of the notice to the Controller, executor, administrator, and the inheritance tax appraiser."

court may, without further notice, make an order confirming the report and fixing the tax in accordance therewith.''

An order fixing the inheritance tax has the force and effect of a judgment in a civil action. (Rev. & Tax. Code, § 14672.)

It appears evident from a study of the statutes that they provide for an adversary proceeding. Notice of the filing of the report was given to appellant. If she had any objection to the report she had the privilege of filing a ''written objection.'' It is only when a ''written objection'' is filed that the clerk must set the report for hearing, and the hearing is ''on the objection.'' At the hearing the objector must proceed in support of his objection. If no objection is filed an order may be made confirming the report and fixing the tax. Failure to file a ''written objection'' is in effect a confession that the report is correct—a default. The explicit provision that if no objection to the report is filed the court may without further notice make an order confirming the report and fixing the tax in accordance therewith indicates an intent by the Legislature that an interested person must, to preserve a right to question the report, file a ''written objection'' thereto. Since appellant failed to file any objection to the report there was no issue of fact framed, and the court was empowered to make the order in accordance with section 14509.

It is fundamental that issues or questions not raised or presented to the trial court will not be considered in the reviewing court. (See cases cited 5 West's Cal.Dig. 191, § 169.) Not having filed an objection to the report in the probate court, Rhoda may not attack it on appeal.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.