**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-16838 |
| Plaintiff - Appellee, | D.C. No. 2:07-cv-02372-JAM-KJM |
| v. | |
| ELWYN S. DUBEY and JEANNINE M. DUBEY, | MEMORANDUM[*] |
| Defendants - Appellants, and | |
| VAL G. BENTLEY, Trustee for Garden Valley Investments; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Elwyn S. and Jeannine M. Dubey (the "Dubeys") appeal pro se from the district court's summary judgment in the government's action to foreclose on four parcels of property in California to satisfy tax and judgment liens for unpaid federal taxes. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1064 (9th Cir. 2002) (en banc), and we affirm.

The district court properly granted summary judgment because the Dubeys failed to raise a genuine dispute of material fact as to whether their transfer of four properties to a purported trust after their tax liabilities arose was not a fraudulent conveyance under California law. *See* Cal. Civ. Code § 3439.05 (transfer is fraudulent as to a creditor whose claim arose beforehand if there was no reasonably equivalent value for transfer, and the debtor was insolvent or became insolvent after the transfer).

The district court did not abuse its discretion in denying the Dubeys' motion to dismiss the action for failure to join as necessary parties the trustee of the Dubeys' purported trust and the Dubeys' children as beneficiaries of the trust. First, the Dubeys lacked standing to challenge whether the trustee was properly served. *See United States v. Viltrakis*, 108 F.3d 1159, 1161 (9th Cir. 1997) ("person served with process is the proper party to allege error"). Second, the

2                                                                          09-16838

Dubeys' children were not indispensable parties under California trust law. *See Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 969 (9th Cir. 2008) (joinder determinations are reviewed for an abuse of discretion); *Estate of Kessler*, 196 P.2d 559, 561 (Cal. 1948) (trustee is authorized to be sued without joining the beneficiaries of the trust in suits affecting the trust itself).

The district court did not abuse its discretion in striking the Dubeys' "Record of Errors," filed after summary judgment, because it was procedurally improper and their arguments were considered in rulings on other motions. *See* Fed. R. Civ. P. 52(a) (allowing challenge to findings of fact only after a bench trial); *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224 n.4 (9th Cir. 2005) (discussing standard of review for motion to strike ruling).

The Dubeys' remaining contentions are unpersuasive.

**AFFIRMED.**