# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE ESTATE OF
ROBERT E. MARTINI, DECEASED.

No. 74725

ROBERT WONG, EXECUTOR,
Appellant,
vs.
BRENT MARTINI; AND BRENDA
MARTINI O'LOUGHLIN,
Respondents.

**FILED**

JUL 27 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from district court orders concluding that will and trust no-contest clauses were not violated and directing partial distributions in this probate and trust matter. Second Judicial District Court, Washoe County; Lynne K. Simons, Judge.

Respondents have moved to dismiss this appeal for lack of jurisdiction, arguing that, as executor and trustee, appellant is not aggrieved by the district court's orders and thus lacks standing to appeal. Appellant opposes the motion, asserting that he was entrusted to uphold the deceased's intent, that the three beneficiaries have not stipulated to the correctness of the court's ruling, and that respondents have pending claims against appellant personally and may invoke the appealed orders against him personally in the future. In his opposition, appellant claims standing as trustee, not executor, and asserts that he is allowed to appeal because the rulings could subject him to personal liability.

Only an aggrieved party may appeal. NRAP 3A(a). "[A] party is aggrieved by the action of a probate court when either a personal right or right of property is adversely and substantially affected." *Hughes' Estate v.*

18-28869

*First Nat. Bank of Nevada*, 96 Nev. 178, 180, 605 P.2d 1149, 1150 (1980). Thus, executors and trustees generally cannot appeal orders merely affecting the rights between beneficiaries. Rather, executors and trustees have standing to appeal when the order affects their personal rights, the existence or corpus of the trust as a whole, or the rights of undetermined beneficiaries. *See In re Ray's Estate*, 68 Nev. 355, 359, 233 P.2d 393, 395 (1951) ("The rule is elementary that an executor or administrator, without any interest in a distributive fund, is not a party aggrieved and may not appeal, his duty being to obey the order of the court in distributing the fund."); *Right of trustee of express trust to appeal from order or decree not affecting his own personal interest*, 6 A.L.R.2d 147 (Originally published in 1949); *see generally State v. State Bank & Tr. Co.*, 36 Nev. 526, 137 P. 400, 402 (1913) ("[A receiver's] right of appeal, however, is limited to that peculiar class of orders or decisions in which, or by reason of which, he is the person interested, or may be personally affected, or, by which the estate as a whole is affected.").

The orders appealed from here address only the rights of two beneficiaries to receive distributions under the trust and do not meet any of these exceptions that would allow for an appeal by the trustee. Indeed, other courts have determined that a trustee lacks standing to appeal from an order determining whether a beneficiary has violated a no-contest clause. *See, e.g., Crook v. Contreras*, 116 Cal. Rptr. 2d 319, 325 (Ct. App. 2002); *Krause v. Tullo*, 835 S.W.2d 488, 491 (Mo. Ct. App. 1992). The district court made no findings as to liability or improper acts, and appellant has not explained how the court's conclusion that the no-contest clauses were not violated impacts his immediate interests or potentially subjects him to liability in the future. Moreover, none of the beneficiaries affected

SUPREME COURT
OF
NEVADA

(0) 1947A

by the court's orders has appealed. Therefore, we conclude that appellant is not aggrieved and thus lacks standing to appeal. Accordingly, the motions to dismiss are granted, and we

ORDER this appeal DISMISSED.[1]

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Lynne K. Simons, District Judge
Margaret M. Crowley, Settlement Judge
Lewis Roca Rothgerber Christie LLP/Las Vegas
J. Douglas Clark, Attorney at Law, Ltd.
Jeffrey Burr, Ltd.
Fox Rothschild, LLP/New Jersey
Goldsmith & Guymon, P.C.
Rosenauer & Wallace
Law Offices of James K. Burau, Ltd.
Fahrendorf, Viloria, Oliphant & Oster, LLP
Washoe District Court Clerk

---

[1]In light of this order, we take no further action on Brent's March 9, 2018, notice of non-opposition and request for decision.